IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE NICK VERTUCCI COMPANIES, INC. ) <br> AND NICK VERTUCCI, ) <br>     *Movants*, ) <br> ) <br> v. ) <br> T. Charles Parr, III ) <br> ) <br>     *Non-Movant .* ) <br> ) | SA-15-MC-1046-OG |

**OPPOSITION TO THE MOTION TO COMPEL FILED BY THE NICK VERTUCCI COMPANIES, INC., AND NICK VERTUCCI.**

TO THE HONORABLE COURT:

COMES NOW, interested party Real Estate Training International, LLC ("RETI"), and hereby files its Opposition to Movants, The Nick Vertucci Companies, Inc. and Nick Vertucci's (collectively "Vertucci") Motion to Compel and would respectfully show the Court the following:

### I. SUMMARY OF THE ARGUMENT

RETI strongly urges the Court to deny Vertucci's motion to compel Mr. Charles Parr's deposition testimony and production of documents. While Mr. Parr is the subject of the Motion to Compel, RETI still has a direct interest in the motion, since the motion arises out of an ongoing lawsuit between RETI and Vertucci.[1] In light of the fact that the discovery period and the time for filing discovery motions has closed in the underlying suit, RETI is alarmed that Vertucci continues to pursue Mr. Parr's deposition. Even more, the subpoena duces tecum attached to the Vertucci's subpoena constitute an effort by Vertucci to re-open written discovery,

---

[1] *Real Estate Training International, LLC v. Nick Vertucci Companies, Inc, et al*.; 8:14-cv-00546-AG-DFM. Mr. Armando Montelongo, Jr.- not an original party - was added later as a Counter/Cross Defendant by Vertucci's Amended Counterclaims.

which closed in June 2015. As such, Vertucci's motion to compel is nothing more than an attempt to circumvent the discovery cut off dates contained in the Scheduling Order entered by presiding Judge Andrew Guilford. The Court should not grant this motion, as this would only reward Vertucci's foot dragging and wasteful discovery motion practice.

## II. FACTUAL BACKGROUND

**(a) <u>The underlying California litigation and Judge Guilford's Scheduling Order</u>.**

Vertucci's Motion to Compel arises from an ongoing lawsuit filed by RETI against Vertucci. While this case was originally filed in Bexar County District Court, it was subsequently removed to Judge Rodriguez's court and then transferred to the Central District of California. The presiding judge in the case is Judge Andrew Guilford and his is Magistrate Judge Douglas F. McCormick.

On June 9, 2014, Judge Guilford issued his first scheduling order, which set the Discovery Cut Off for June 29, 2015. [Dkt. No. 48.][2]. On July 8, 2015, Judge Guilford modified the Scheduling Order for the parties to continue oral depositions. [Dkt. No. 158.]. Upon Ex Parte application to the Court, RETI sought a clarification as to whether the Court's previous Scheduling Order modification extended to written discovery as well as deposition. Additionally, RETI sought leave from the Court to file a motion to compel after the period of enforcing discovery had passed. [Dkt. No. 183.]. Vertucci fervently opposed RETI's ex parte application, arguing:

> "Vertucci objects to either alternative form of requested relief by which RETI would be granted leave to re-file its motion to compel and effectively re-set the discovery cutoff date for written discovery, which has already passed. The fact that Vertucci would not agree to extend the cutoff for written discovery, and that Judge Guilford made no such order, was clear. There is no need for "clarification" on this point. If RETI believes there

---

[2] As there are over 280 docket entries in the California case and not to inundate this Court with paper, RETI will provide the California Case docket entries for the majority of filings it references.

are grounds to re-open discovery, it should move to do so, not seek such relief by ex parte application."

" Substantively, Vertucci submits that there is no ambiguity concerning, and thus no need to clarify, the discovery cutoff date by which written discovery needed to be served. That date passed a good while ago and should not be re-set. The parties re-set the deadlines for taking depositions. The subject of the cutoff date for service of written discovery was specifically discussed — and rejected — by Vertucci when the parties discussed scheduling issues in late June/early July. Vertucci's counsel objected to re-opening discovery other than depositions. As a result, there was no lack of clarity concerning the fact that the discovery cutoff date was not to be generally extended." [Defendant's Opposition to Plaintiff's Application to Permit Resubmission of Motion to Compel, attached hereto as Exhibit A.].

In his ruling on August 26, 2015, Judge Guilford agreed with Vertucci's position. Indeed, the "parties did not request a new [written discovery] cutoff date...Thus, the parties made clear in their first Application that they did *not intend or agree to extend the deadline for serving written discovery*." [Dkt. No. 185.].

Consequently, as is still the case, the only portion of the Scheduling Order that was modified by the Court is the following; "party and party –controlled witnesses" to continue until August 31, 2015, and depositions of "non-party witnesses" to continue until September 30, 2015. [Dkt. No. 158.]. But for all other discovery, the discovery cut off remained June 29, 2015. [Dkt. No. 48.]. Moreover, as strenuously argued by Vertucci, the Scheduling Order's discovery motion practice remained unchanged, which states that all discovery motions "shall be filed and served as soon as possible and **never later than 30 days after the discovery cutoff date**." [Dkt. No. 48¶1.3.]. This means that all non-deposition related discovery ended 30 days after the discovery cut-off, or July 29, 2015.

As such, even if Judge Guilford's Scheduling Order modifications extended the time to conduct all forms of discovery as to non-parties, the deadline to enforce discovery motions

would still be 30 days after the last day of the modified scheduling order – September 30, 2015. Thus, **October 30, 2015** was the last day to file any discovery motion. (*See Id*.).[3]

**(b) Vertucci's Subpoena of Mr. Parr**.

Mr. Parr is a resident of San Antonio, Texas, who maintains his place of business at 100 Northeast Loop 410, Suite 700, San Antonio, Texas 78216. Mr. Parr is an independent accountant that is the managing partner of Parr & Associates.

Until now, Mr. Parr has not been involved in the litigation between RETI and Vertucci. In fact, as Vertucci states in the instant motion, Mr. Parr's name first came up in Mr. Montelongo's deposition. Vertucci claims that Mr. Montelongo, RETI's President, deferred to Mr. Parr – RETI's outside accountant – for many of the financial questions posed to Mr. Montelongo during **his August 14, 2015** deposition. Vertucci argues, therefore, that in order to properly present and defend their case, Mr. Parr's deposition and a significant amount of financial documents in his possession are required.

Consequently, despite the claimed importance of Mr. Parr, Vertucci waited for six weeks to serve him, on September 23, 2015, with a deposition subpoena accompanied with a subpoena duces tecum. [Dkt. No. 231; filed Affidavit of Service.]. The attached demand for documents contained 122 separate categories of documents for Mr. Parr to produce. [Dkt. No. 242-3, Pg. 56-73.]. The subpoena duces tecum commanded Mr. Parr to produce the documents at a local law office on September 24, 2015, or only **one day after service**. [*Id*. at Pg. 56-57.]. On September 30, 2015, Mr. Parr timely served written objections to the subpoenas on Vertucci, through Mr. Corrie. [Dkt. No. 242-2.]. After receiving the written objections, Vertucci's counsel, at the last second, attempted to change the deposition location by amended the subpoena. Mr. Parr received this impermissible amended subpoena via fax. [Dkt. No. 243-3, Pg. 51-52].

---

[3] The Scheduling Order does allow for the continuance of depositions already commenced (*See* Dkt. No. 48¶1.1.).

Over four weeks passed by without Vertucci moving to compel Mr. Parr to comply with either the deposition subpoena or the subpoena duces tecum. Then on October 27, 2015, in the Central District of California, Vertucci filed a Motion to Compel Mr. Parr's deposition and for his compliance in responding to the subpoena duces tecum. [Dkt. No. 241.]. That motion was not ruled on by Judge McCormick, because the Court acknowledged that it had no power to compel Mr. Parr, who lives in Texas. On November 25, 2015, on the eve of Thanksgiving, Vertucci finally filed the present Motion to Compel in this Court. The present motion to compel was filed twenty-two days after Judge McCormick lifted a stay of proceedings – in California – in regards to Mr. Parr's deposition. [Dkt. No. 261.].

### III. ARGUMENT

Simply, Vertucci's motion to compel should be denied, because the underlying motions were invalid and unenforceable, because they required Mr. Parr's compliance outside the discovery period. Furthermore, the Motion to Compel plainly violates Judge Guilford's Scheduling Order, because it was filed in this Court – the compliance court – after the period to file such motions ended.

**(1) Both Vertucci's subpoenas violate Judge Guilford's Scheduling Order's discovery cut off dates, and therefore are untimely and unenforceable**.

It is well settled law that Rule 45 subpoenas and an accompanying subpoena duces tecum are forms of discovery, and therefore are properly governed by a court's scheduling order. *See Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561-62 (S.D. Cal. 1999); *See Rice v. United States*, 164 F.R.D. 556, 557-58 (N.D. Okla. 1995). Consequently, Rule 45 deposition subpoena and accompanying document requests served in violation of a scheduling order are improper. Thus, the issuing party may not use the Court's authority to obtain discovery. *See*

*nSight, Inc. v. PeopleSoft, Inc.*, 2006 U.S. Dist. LEXIS 22383, *8 (N.D. Cal. Apr. 13, 2006); *See Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561-62; *See Vann v. Gilbert*, 482 Fed. Appx. 876 (5th Cir. 2012)(affirmed district court refusal to compel discovery after discovery period). This principal also applies to discovery to be complied with after the discovery period terminates. *See Dixon v. Greyhound Lines, Inc*., 2014 U.S. Dist. LEXIS 1622345*9-10 (M.D. La. Nov. 19, 2014)(even if a subpoena, via Rule 45 was served within the discovery period, but "required compliance beyond" the discovery cut off, the subpoena was untimely). Additionally, unlike a Rule 45 disposition subpoena, the subpoena duces tecum is a form of written discovery to obtain production from non-parties. *See Integra,* 190 F.R.D. at 561-62; *See also PeopleSoft,* U.S. Dist. LEXIS 22383, *8-9.

In the underlying case to this motion, the presiding court entered a discovery cut off for written discovery of June 29, 2015, and September 30, 2015, for the taking of depositions for Non-party controlled witnesses. Mr. Parr was served with the Rule 45 deposition subpoena and corresponding duces tecum on September 23, 2015, however the deposition notice required Mr. Parr to be deposed on October 2, 2015. Thus, because Mr. Parr's non-party deposition was to take place outside of the Scheduling Order's allowed discovery period, the notice violated the Scheduling Order. Consequently, the deposition notice was improper and is unenforceable. Moreover, Vertucci's subpoena duces tecum is far beyond the court's power as it was served over three (3) months after the written discovery period ended. (*See* Exhibit A.). Since, both Vertucci's deposition subpoena and the accompanying subpoena duces tecum are untimely and unenforceable, the Court must deny the motion to compel.

**(2) Vertucci's Motion to Compel is severely belated, violates the Judge Guilford's Scheduling Order, and therefore improper and must be denied**.

Vertucci's Motion to Compel must be denied. The motion, based upon an unenforceable subpoena and subpoena duces tecum and was untimely filed in this Court - one month after the deadline to file such motions. Additionally, Vertucci's filing was belated and severely delayed, further evidencing Mr. Parr's irrelevance to this litigation and Vertucci's claims or defenses. Moreover, the motion flies in the face of, and contradicts, the same argument that Vertucci made early this year – a motion to compel, brought after the deadline for such motions, is untimely and must be denied.  As such, this Court must deny the motion sitting before it now.

It is universal that a motion to compel cannot be based on an unenforceable subpoena. *See Days Inn Worldwide, Inc. v. Sonia Invs*., 237 F.R.D. 395, 396-399 (N.D. Tex. 2006)(the Court denied a motion to compel brought outside of the discovery deadline.); *Vann*, 482 Fed. Appx. at 879; *Curry v. Strain*, 262 Fed. Appx. 650 (5th Cir. 2008). As argued above, the Court's power cannot be invoked when a subpoena requires compliance outside of the discovery cut off. *See Integra*, 190 F.R.D. at 561-62; *See Rice*, 164 F.R.D. at 557-58. Consequently, if the Court's power cannot authorized to enforce an untimely subpoena, the Court cannot grant a motion to compel, which is how the Court enforces a subpoena under Fed. R. Civ. P. 45(d)(2)(B)(i)-(ii). Here, as explained above, Vertucci's subpoenas were untimely and thus improper, because they required compliance outside their respective discovery cut off dates. As such, Vertucci cannot now invoke the Court's power to enforce a right, that neither he nor the Court have - compel improper discovery.  Therefore, the motion to compel is properly denied.

Moreover, the Motion to compel was brought outside the time allowed by the Scheduling Order, which explicitly states that motions to enforce discovery "shall be filed and served as

soon as possible and **never later than 30 days** after the discovery cutoff date." [Dkt. No. 48¶ 1.3.]. Curiously, Vertucci has forgotten about arguing that a motion to compel, brought outside of the time allowed by the Scheduling Order, is not allowed, when he wrote in opposition to RETI's previously pending motion to compel:

> "Vertucci believes that RETI should withdraw its pending motion to compel and has no objection to RETI's being granted leave to do so. Vertucci does not object to the motion being withdrawn without prejudice (**but does not agree that RETI has, or should be allowed, any right to re-file the motion**). (*See* Exhibit A, pg.1.).

Assuming, arguendo, Vertucci had the right to bring his motion to compel, the time for bringing the motion has come and gone. Vertucci, first learned about Mr. Parr on August 14, during Mr. Montelongo's deposition. Vertucci then waited until, September 23, the end of the non-party deposition period to serve Mr. Parr with a subpoena to testify which was on a date outside the allowed discovery period. Moreover, after Vertucci received notice that Mr. Parr would not be attending the deposition, he waited nearly an additional month to file a motion to compel Mr. Parr's compliance. But the Motion to Compel **was filed in the wrong court**. Finally, the day before Thanksgiving, or twenty-six days after Judge McCormick lifted his stay, Vertucci finally found the will power and the correct court to file the instant motion. Mr. Vertucci's claim that Mr. Parr is an important witness is most certainly **not** validated by his actions leading up to the instant motion. Vertucci's inaction is also frowned upon by well-settled law that waiting to seek he Court's power to compel is evidence of waiver. *See Days Inn*, 237 F.R.D. at 399. As the Fith Circuit held in *Vann v. Gilbert*, "unexplained delay in seeking the court's assistance in compelling discovery" will lead to denial of a motion to compel. *See Vann*, 482 Fed. Appx. at 879. Because Vertucci inexplicably blew the Judge Guilford's discovery motion deadline (October 30, 2015) to compel discovery against Mr. Parr - **in this Court**, the Court should deny the instant Motion to Compel.

For these reasons the Vertucci's Motion to Compel should be denied.

Date: December 2, 2015.

                                      Respectfully Submitted,

                                      /s/ Nathaniel Corbett_____
                                      NATHANIEL CORBETT
                                      State Bar No. 24077165
                                      ANDREW J. MOON
                                      State Bar No. 24046463
                                      2935 Thousand Oaks Dr. #6-285
                                      San Antonio, Texas 78247
                                      (210) 501-0077
                                      ATTORNEYS FOR PLAINTIFF
                                      REAL ESTATE TRAINING
                                      INTERNATIONAL, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to the Court's Show Cause Order, has been served on Defendant via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class postage prepaid, facsimile, of hand delivery in accordance with the Federal Rules of Civil Procedure on December 2, 2015.

Clint Corrie
Akerman LLP
2001 Ross Avenue
Suite 2550
Dallas, Texas 75201
Via Facsimile No. 866-203-5835

                                      By: /s/ Nathaniel Corbett

Case 5:15-mc-01046-OLG   Document 2   Filed 12/02/15   Page 10 of 10