IN THE UNITED STATES DISTRICT COURT

FILED

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

2015 DEC -2 PM 3: 18

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| THE NICK VERTUCCI COMPANIES, INC. AND NICK VERTUCCI, *Movants,* ) ) ) ) | |
| v. | SA-15-MC-1046-OG |
| T. Charles Parr, III | |
| *Non-Movant .* | |

## RESPONSE TO THE MOTION TO COMPEL FILED BY THE NICK VERTUCCI COMPANIES, INC., AND NICK VERTUCCI.

TO THE HONORABLE COURT:

COMES NOW Non-Movant, Mr. T. Charles Parr, III ("Mr. Parr") and hereby files his Response, Pro Se, to the Movants, The Nick Vertucci Companies, Inc. and Nick Vertucci's (collectively "Vertucci") Motion to Compel [Dkt. No. 1.] and would respectfully show the Court the following:

### I. SUMMARY OF THE ARGUMENT

This Court should deny Vertucci's Motion to Compel. By filing the motion, Vertucci is attempting to circumvent Judge Andrew Guilford's Scheduling Order entered in the underlying lawsuit, which this motion is predicated. Pursuant to the Scheduling Order, the discovery period and time for brining discovery motions has ended. Moreover, the underlying subpoenas which Vertucci initially served on Mr. Parr were fatally defective in form and served outside the relevant discovery periods set forth by the Scheduling Order. As such, the Court should deny Vertucci's Motion to Compel.

## II. FACTUAL BACKGROUND

(a) <u>**The case which this Motion to Compel is based**</u>.

Vertucci's Motion to Compel arises from an ongoing lawsuit filed by Real Estate Training International, LLC ("RETI") and Nick Vertucci  and the Nick Vertucci Companies, Inc. (collectively "Vertucci").[1] This case was originally filed in state district court in Bexar County, Texas, and subsequently removed by Vertucci to this Court. On April 9, 2014, Judge Rodriguez transferred the case to the Central District of California where it presently resides before Judge Andrew Guilford, and Magistrate Judge Douglas F. McCormick.

On June 9, 2014, Judge Guilford issued his first scheduling order, which set the Discovery Cut Off for June 29, 2015. (Attached hereto as Exhibit 6.).  The Scheduling Order was subsequently modified, in part, by the Court to allow the parties additional time to conduct depositions. (Attached hereto as Exhibit 7.). However, the written discovery period/cut off was not modified and remained unchanged. (*See* Judge Guilford Order regarding written discovery cut-off; Attached hereto as Exhibit 8.).

The Amended Scheduling Order allowed depositions of  "party and party –controlled witnesses" to continue until August 31, 2015, and depositions of "non-party controlled witnesses" to continue until September 30, 2015. (*See* Exhibit 7.). But the Scheduling Order's discovery motion practice remained unchanged, which set forth strict guidelines governing  that all discovery motions "shall be filed and served as soon as possible and **never later than 30 days after the discovery cutoff date**." (Exhibit 6; ¶1.3.). As such, Judge Guilford's modifications to the Scheduling Order regarding the taking of depositions required that **ALL** discovery motions pertaining to enforcement of deposition notices shall be filed within 30 days

---

[1] *Real Estate Training International, LLC v. Nick Vertucci Companies, Inc, et al.*; 8:14-cv-00546-AG-DFM..
Mr. Armando Montelongo, Jr.- not an original party - was added as a Counter/Cross Defendant by Vertucci's Amended Counterclaims (Dkt. No.65 and 75.).

of the September 30, 2015. This means that **October 30, 2015** was the final discovery cut off for all discovery motions, period. (*See Id.*).[2]

**(b) Mr. Parr and the facts surrounding the current motion.**

Mr. Parr is a resident of San Antonio, Texas, who maintains his place of business at 100 Northeast Loop 410, Suite 700, San Antonio, Texas 78216. Mr. Parr is an accountant that is neither an employee nor contractor of RETI or Mr. Montelongo. However, Mr. Montelongo and RETI are clients of Mr. Parr. In short, Mr. Parr is not controlled by Mr. Montelongo or RETI. (Parr Declaration ¶ 2-4.).

On September 22, 2015, Clint A. Corrie, lead counsel for Vertucci, issued a last second-eleventh hour deposition subpoena and subpoena duces tecum to obtain Mr. Parr's oral testimony and various documents that Vertucci believes are in Mr. Parr's possession. (Parr Decl. Ex.1.).

On September 23, 2015, Mr. Parr was personally served with the subpoenas at his place of business in San Antonio, Texas. The subpoena commanded Mr. Parr to appear for oral deposition at the San Antonio law offices of Gonzalez, Chiscano, Angulo, & Kasson, P.C. **on October 2, 2015**. This location and date were unilaterally selected by Vertucci. (Parr Decl. ¶ 3-4.). Additionally, the subpoena's attached subpoena duces tecum required that Mr. Parr appear at the same law offices to provide documents on September 24, 2015, or only **one day after service**. (Parr Decl. Ex.2.) The document request attached to the duces tecum onerously set forth **122 separate document requests**. (Parr Decl. Ex.3.). During service, Mr. Parr was provided two checks accounting for the statutory $40/day witness fee and mileage reimbursement. (Parr Decl. ¶ 4.). On September 30, 2015, Mr. Parr timely served Vertucci, through Mr. Corrie, with written objections to the subpoenas. (Parr Decl. Ex.4.). In his objections to the subpoenas, Mr. Parr provided general objections to the deposition notice and the document requests and specific

---

[2] The Scheduling Order does allow for the continuance of depositions already commenced (See Exhibit 6¶1.1.).

objections to the 122 document requests. (*Id.*). Moreover, Mr. Parr informed Mr. Corrie that he would neither be attending the untimely and unilaterally selected deposition date nor complying with the untimely, oppressive, and burdensome document requests.

(Parr Decl. ¶10.). The October 2nd deposition date was specifically oppressive due to the various important October 15th federal and state tax deadlines.

On September 30, 2015, Mr. Corrie's associate, Mr. Christopher Hodge attempted to serve Mr. Parr with an amended subpoena through facsimile. (Parr Decl.¶8-9; Ex. 5.) The amended subpoena changed the deposition location from Gonzalez, Chiscano, Angulo, & Kasson, P.C, to the San Antonio law offices of Plunkett and Griesenbeck, Inc. (*Id.*).  Mr. Parr has never provided Mr. Corrie's office with consent to accept service of a new or amended subpoena by any  means other than personal service. (Parr Decl.¶8-9.).  Moreover, the new subpoena did not contain a new mileage reimbursement for his commute to the new deposition location of Plunkett and Griensenbeck. (Parr Decl.¶ 9.).

On October 27, 2015, Vertucci filed a Motion to Compel Mr. Parr's deposition in the Central District of California. [Dkt. No. 241.]. That motion was not ruled on by Judge McCormick, presumably due to the Court's lack of jurisdiction over Mr. Parr. On November 25, 2015, on the eve of Thanksgiving, Vertucci finally filed the present Motion to Compel in this Court.

### III. ARGUMENT

**(1) Vertucci violated Rule 45(a)(1)(A)(iii), by failing to specify the correct place for Mr. Parr to attend the deposition. Alternatively, Vertucci failed to personally serve an amended deposition upon Mr. Parr**.

Vertucci's Deposition Subpoena is in violation of Federal Rule of Procedure 45(a)(1)(A)(iii), and is therefore invalid and unenforceable. As such Vertucci's motion is properly denied. Alternatively, even if the Vertucci's Deposition Subpoena did state the correct

location for the deposition, Vertucci modified/amended the location and failed to personally serve Mr. Parr with the amended subpoena. This is a violation of Rule 45(b)(1), and therefore Vertucci's current motion must be denied.

When issuing a subpoena under Rule 45, the issuing party **must** "command each person to whom it is directed to do the following at a specified time and place..." Fed. R. Civ. P. 45(a)(1)(A)(iii). If the subpoena fails to direct the sought deponent to the proper location or at the proper time, the subpoena is fatally defective and unenforceable. *See Ghandi v. Police Dep't of Detroit*, 74 F.R.D. 115, 118 (E.D. Mich. 1977)(court found subpoena that contained an invalid date and time properly denied.). Another mandatory requirement of Rule 45, at least in the Fifth Circuit, is that a subpoena must be personally served. *In re Dennis*, 330 F.3d 696, 704 (5th Cir. La. 2003). This requirement is set forth in "the plain meaning of Rule 45 (b)(1). *Future World Elecs, LLC v. Over Drive Mktg., LLC*, 2014 U.S. Dist. LEXIS 62282, *9, (N.D. Tex. May 5, 2014)(*quoting In re Dennis*, 330 F.3d at 704.)) Without personal service of a subpoena, the Court is without power to compel a party that has not complied with an issued subpoena. *See Nunn v. State Farm Mut. Auto. Ins. Co*., 2010 U.S. Dist. LEXIS 112168, *3 (N.D. Tex. Oct. 21, 2010).

Here Vertucci's original and subsequent attempt at amendment were made the  Rule 45 subpoena and duces tecum fatally defective. The original subpoena named Gonzalez, Chiscano, Angulo, & Kasson, P.C. as the location for the October 2 deposition, but this was clearly incorrect as Mr. Corrie's associate attempted to serve an amended subpoena to change the place of the deposition to Plunkett and Griesenbeck. Vertucci's inclusion of the incorrect deposition location was a plain violation of mandatory  Rule 45(a)(1)(A)(iii).

Vertucci's subsequent actions further violated Rule 45(b)(1)'s personal service requirement. When Vertucci realized that the deposition notice had the wrong address, his

counsel attempted to modify the subpoena by fax. But Rule 45 does not allow for a subpoena to be served through fax, modified or not. In the Fifth Circuit, Rule 45(b)(1) requires personal service. *In re Dennis*, 330 F.3d at 704; *Nunn,* 2010 U.S. Dist. LEXIS 112168, at *3-4. Furthermore, Mr. Parr never consented to any other form of service of new subpoena, which obligated Vertucci's counsel to reissue a new subpoena with the correct address and reserve Mr. Parr, personally, which never occurred. As such, because Vertucci violated multiple mandatory requirements of Rule 45, there is no enforceable subpoena to compel Mr. Parr to comply. Therefore the Court must deny Vertucci's motion.

**(2) Both Vertucci's subpoenas violate Judge Guilford's Scheduling Order's discovery cut off dates, and therefore are untimely and unenforceable**.

It is established law that subpoenas to testify and produce documents issued and served on non-parties pursuant to Rule 45 are forms of pre-trial discovery. *See nSight, Inc. v. PeopleSoft, Inc.*, 2006 U.S. Dist. LEXIS 22383, *9-10 (N.D. Cal. Apr. 13, 2006); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995). As such, Rule 45 subpoenas, like other forms of discovery are governed by a court's scheduling order governing the period for conducting discovery. *See Rice*, 164 F.R.D. at 558; *See also Curry v. Strain*, 262 Fed. Appx. 650, 2008 U.S. App. LEXIS 1967 (5th Cir. La. 2008)(court affirming district court denial of motion to compel because discovery and pre-trial motion period had passed.). Thus, it is also well settled law that when discovery requests are served outside the discovery period – be it via Rule 45 or not – such requests are untimely and improperly invoke the authority of the Court. *See Dixon v. Greyhound Lines, Inc.*, 2014 U.S. Dist. LEXIS 1622345*9-10 (M.D. La. Nov. 19, 2014); *PeopleSoft,* 2006 U.S. Dist. LEXIS 22383 at *8. Specifically, as the Court held in *Dixon v. Greyhound Lines, Inc.,* even if a subpoena, via Rule 45 was served within the discovery period, but "required

compliance beyond" the discovery cut off, the subpoena was untimely. *Dixon*, 2014 U.S. Dist. LEXIS 1622345 at 9-10.

Here, Vertucci's motion should be denied, because Mr. Parr was served with eleventh hour subpoenas that required compliance outside applicable discovery cut off periods, and therefore were unenforceable. As confirmed by Judge Guilford's August 26, 2015 Order, the written discovery cutoff occurred on June 29, 2015. (*See* Ex. 6 and 8.). Vertucci's subpoena duces tecum for production of documents was served on September 23, 2015. Document production is a form of written discovery, and therefore the duces tecum was served well outside the written discovery cut off of June 29, 2015. *See Rice*, 164 F.R.D. at 557; FED. R. CIV. P. 34(c). As such the Vertucci's subpoena duces tecum is untimely and unenforceable.

Likewise Vertucci's deposition subpoena is also unenforceable as it too violated the discovery cut off period. Judge Guilford's Amended Scheduling Order extended the discovery period to take non-party controlled witness depositions to September 30. Never mind Vertucci's defective subpoena and subsequent amendment and defective service thereof, the deposition notice attached to the subpoena directed Mr. Parr to attend a deposition on October 2nd. Thus, Mr. Parr's deposition was scheduled for two days after end of the discovery period. As set forth by the *Dixon* Court, regardless if service occurs inside the discovery cutoff, a subpoena that sets the compliance outside of the discovery cut off period is untimely and unenforceable. Therefore, Vertucci's motion to compel Mr. Parr's deposition is properly denied.

**(3) Vertucci's Motion to Compel is untimely and therefore violates the Judge Guilford's Scheduling Order**.

Vertucci's Motion to Compel is an untimely attempt to make an end-run around Judge Guilford's Scheduling Order and obtain discovery **well after** all discovery periods ended. As

such, this Court must deny Vertucci's attempt at circumventing Judge Guilford's scheduling order.

Vertucci wants this Court to ignore Judge Guilford's Scheduling Order, which it should not. Rule 45, requires a non-party to comply when personally served with a valid subpoena, unless the recipient files a motion to quash/modify the subpoena or serves objections on the issuing party. Fed. R. Civ. P. 45(d)(2)(B). Objections are timely, if they are served on the issuing party within 14 days service of the subpoena. (*Id.*) Thus, "timely written objections suspend a non-party's obligation to comply with a subpoena..." *Andra Group, LP v. JDA Software Group, Inc.*, 2015 U.S. Dist. LEXIS 48341 (N.D. Tex. Apr. 13, 2015). Rule 45(d)(B)(i) requires the issuing party file a motion to compel in the court where discovery compliance is sought.

When determining whether a motion to compel is timely, the Court should first look to the scheduling order entered by the court where the action is pending. In fact this Court has held when considering questions regarding "the proper ordering of discovery, that should be directed...where the action is pending." *See Calvert v. Reinisch*, 218 F.R.D. 497, 2003 U.S. Dist. LEXIS 24282 (W.D. Tex. 2003). Thus, when considering Judge Guilford's Scheduling Order and the relevant discovery motion deadlines, the court should only consider the scheduling order entered by the court where the original action is pending. *See Id.* After considering the issuing court's scheduling order, the compliance court should make the determination of whether the motion to compel is timely.

The Court in *Days Inn Worldwide, Inc. v. Sonia Invs.*, looked extensively at other circuit's standards for when a motion to compel is filed at the end of the discovery cut off period and found that "in order to timely obtain discovery" the movant's motion to compel "had to be filed sufficiently in advance of the discovery deadline. Thus, a motion filed "two weeks after the

extended deadline expired....was untimely." *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 2006 U.S. Dist. LEXIS 60705*11-12 (N.D. Tex. 2006). Finally, as the *Dixon* Court held, when a party waits to the last second to file a motion to compel discovery, the Court should properly deny the motion. In *Dixon*, the Court found that the movant's motion to compel was untimely, because he waited three weeks after the discovery cut off to seek the Court's assistance in compelling discovery. *See Dixon*, 2014 U.S. Dist. LEXIS 1622345 at 11-12. *See also, Vann v. Gilbert,* 482 Fed. Appx. 876, (5th Cir. 2012); *See also Curry v. Strain*, 262 Fed. Appx. 650 (5th Cir. 2008).

Here Judge Guilford's Scheduling Order explicitly states that Discovery Motions "shall be filed and served as soon as possible and **never later than 30 days** after the discovery cutoff date." Pursuant to the Amended Scheduling Order the last day to obtain Mr. Parr's deposition was September 30. Therefore, the latest that Vertucci could have filed his motion to compel was October 30th. However, Vertucci did not file any motion to compel Mr. Parr's compliance in this district, as required by Rule 45(d)(B)(i), until November 25, 2015, or twenty-six (26) days after the last day Vertucci was permitted to file a discovery motion pursuant to Judge Guilford's Scheduling Order. In fact, Vertucci's attorneys admit they filed a Motion to Compel Mr. Parr in the Central District of California – the wrong court - at the very last second.  Under the *Dixon* standard, this delay alone requires denial of the motion to compel. Therefore, since Vertucci has waited till well after the discovery motion period to find the right court for compliance, his motion should be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Non-movant prays that Movant's Motion to Compel, be DENIED. Non-movant additionally requests all other relief at law or in equity, to which it is justly entitled.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **THE NICK VERTUCCI COMPANIES, INC.** | ) | |
| **AND NICK VERTUCCI,** | ) | |
| *Movants,* | ) | |
| | ) | **SA-15-MC-1046-OG** |
| **v.** | ) | |
| **T. Charles Parr, III** | ) | |
| | ) | |
| *Non-Movant .* | ) | |
| | ) | |

**PROPOSED  ORDER DENYING MOTION TO COMPEL FILED BY THE NICK
VERTUCCI COMPANIES, INC., AND NICK VERTUCCI.**

On, this day_____ of_____, 2015, this Court considered Movants, Nick Vertucci and the Nick Vertucci Companies, Inc. Motion to Compel, Non-Movant, T. Charles Parr, III. After considering Non-Movant's response and the authorities cited therein and the papers on file in this action, the Court finds as follows:

1.      All relief sought by the Movants' Motion shall be Denied.

THEREFORE IT IS ORDERED THAT:

The Movant's Motion to Compel is hereby Denied.

Dated: _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2015 DEC -2  PM 3: 18
SAN ANTONIO DIVISION

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| THE NICK VERTUCCI COMPANIES, INC. | ) | |
| AND NICK VERTUCCI, | ) | |
| *Movants,* | ) | |
| | ) | SA-15-MC-1046-OG |
| v. | ) | |
| T. Charles Parr, III | ) | |
| | ) | |
| *Non-Movant .* | ) | |
| | ) | |

## DECLARATION OF T. CHARLES PARR, III

I, T. Charles Parr, III declare as follows:

1. I am over 21 years of age, of sound mind, have never been convicted of a felony or of a crime involving moral turpitude, and fully competent to testify to the matters herein. I am the non-movant in the miscellaneous action styled in the above caption. The statements and facts contained within this declaration are true, correct, and within my personal knowledge.

2. I am a resident of Bexar County, Texas. I am licensed certified public accountant and the managing partner for a small accounting firm in San Antonio, Texas. I currently maintain my place of business at 100 Northeast Loop 410, Suite 700, San Antonio, Texas 78216. The vast majority of my clients are located in and around Bexar County. Armando Montelongo, Jr. and Real Estate Training International, Inc. are clients of mine.

3. Over the past year I have become loosely aware of the litigation between Mr. Montelongo, one of the companies that he is the president of, Real Estate Training International, LLC ("RETI") and Mr. Nick Vertucci and the Nick Vertucci Companies, Inc. (collectively "Vertucci"). At no point in time did I expect to become part of this litigation as a witness

or a party. At no point in time have Mr. Montelongo, RETI, or their respective counsel requested that I be a fact or expert witness in this litigation.

4. On September 23, 2015, I was served at my place of business with a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena"). A true and correct copy thereof is attached hereto as Exhibit 1. The Deposition Subpoena required me to appear to be deposed at the law offices of Gonzalez, Chiscano, Angulo, & Kasson, P.C. on October 2, 2015. Included with the Deposition Subpoena were two checks in the amount of $42.30 and one bore the annotation 8:14-CV-00546 and the other SACV14-00546 A6 (DFMX).

5. Attached to the Deposition Subpoena was a Subpoena Duces Tecum. A true and correct copy thereof is attached hereto as Exhibit 2. The Subpoena Duces Tecum contained a date of compliance of September 24, 2015, or one day after I was served with the subpoena. The subpoena's place of compliance was set at the law San Antonio law offices of Gonzalez, Chiscano, Angulo, & Kasson, P.C.

6. Attached to the Subpoena Duces Tecum were one-hundred and twenty two (122) separate document requests. A true and correct copy thereof is attached hereto as Exhibit 3. Per the Subpoena Duces Tecum, I was required to comply with all 122 document requests by producing the requested documents one day after receiving the subpoena at Gonzalez, Chiscano, Angulo, & Kasson, P.C.

7. On September 30, 2015, I served separate objections upon Mr. Vertucci's counsel of record, Mr. Clint Corrie, by certified mail. A true and correct copy of said objections is attached hereto as Exhibit 4.

8. On October 1, 2015, I received a fax from Mr. Chris Hodge of the Akerman Firm. He acknowledged that they were in receipt of my objections to the Deposition place and time

and the Subpoena Duces Tecum document requests. Then Mr. Hodge unilaterally amended the place of the oral deposition to be taken at the San Antonio law offices of Plunkett and Griesenbeck. A true and correct copy of the fax and a follow up email thereof is attached hereto as Exhibit 5.

9.  At no time have I given consent to Mr. Corrie or any of his associates, including Mr. Madison Spach, to be served with a subpoena or amended subpoena by another means other than personal service. Additionally, when Mr. Hodge unilaterally decided the new deposition location I did not receive an additional mileage reimbursement for the expense of traveling to and from the deposition.

10. Additionally, as the managing partner of a small accounting firm, the weeks leading up to October 15 are incredibly busy. October 15 is the filing deadline for individuals who filed an extension to file their federal income taxes. In fact, during the last week of September and through October 15, I and my staff were working seven days a week. As such, the timing of the deposition, much less the short time frame for reviewing the 122 document requests was incredibly burdensome and an impossibility.

11. To date I have not deposited either check for my original witness fee and mileage reimbursement.

12. I certify that the facts stated in this affidavit are true and correct and are based on my personal knowledge or a review of the available my business records or publically available court documents.

Pursuant to 28 U.S.C. §1746,   I declare under penalty of perjury that the foregoing is true and correct.

Dated this **1st** day of December, 2015.

T. Charles Parr, III

Date: December 2, 2015.

Respectfully Submitted,

T. Charles Parr, III
Appearing Pro Se
100 Northeast Loop 410, Suite 700
San Antonio, Tx 78216
Tel:  210.349.4431
Fax:  210.349.4481

## CERTIFICATE OF SERVICE

I, T. Charles Parr, III, hereby certify that a true and correct copy of the foregoing

Response to the Nick Vertucci and the Nick Vertucci Companies, Inc. Motion to Compel, has

been served on Movant via the U.S. Mail, first class postage prepaid, facsimile, of hand delivery

in accordance with the Federal Rules of Civil Procedure on December 2, 2015.

Clint Corrie
Akerman LLP
2001 Ross Avenue
Suite 2550
Dallas, Texas 75201
Via Facsimile No. 866-203-5835

By: _____
T. Charles Parr, III

# Exhibit 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Central District of California

| | | |
|---|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:14-CV-00546 |
| THE NICK VERTUCCI COMPANIES, INC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

THOMAS A SAUCEDO, I
BCH# 3797
DATE:
WE DELIVER LEGAL SERVICES

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     T. CHARLES PARR, III

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Gonzalez, Chiscano, Angulo & Kasson, PC | Date and Time: |
|---|---|
| 613 NW Loop 410, SUITE 800 | |
| San Antonio, TX 78216 | 10/02/2015 9:00 am |

The deposition will be recorded by this method:    Certified Shorthand Reporter and Videopgrapher

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:      SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/22/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Clint A. Corrie |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
The Nick Vertucci Companies, Inc. and Nick Vertucci
, who issues or requests this subpoena, are:
Clint Corrie, AKERMAN, LLP, 2001 Ross Ave, Ste, 2550, Dallas, TX 75201, 214.720.4300 / Madison S. Spach, Jr.,SPACH, CAPALDI
& WAGGAMAN, LLP, 4675 MacArthur Court, Suite 550, Newport Beach, CA 92660, 949.852.0710

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   8:14-CV-00546

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  **AKERMAN LLP**
   KAREN PALLADINO CICCONE (CA SBN 143432)
2  Email: karen.ciccone@akerman.com
   725 South Figueroa Street, 38th Floor
3  Los Angeles, California 90017-5433
   Telephone:  (213) 688-9500
4  Facsimile:   (213) 627-6342

5  **AKERMAN LLP**
   CLINT CORRIE (TX SBN 04840300)
6  *Admitted Pro Hac Vice*
   Email: clint.corrie@akerman.com
7  2001 Ross Avenue, Suite 2550
   Dallas, Texas 75201
8  Telephone:  (214) 720-4300
   Facsimile:  (214) 981-9339

9
   **SPACH, CAPALDI & WAGGAMAN, LLP**
10 MADISON S. SPACH, JR., SBN 94405
   Email: madison.spach@gmail.com
11 ANDREW D. TSU, SBN 246265
   Email: andrewtsu@gmail.com
12 4675 MacArthur Court, Suite 550
   Newport Beach, California 92660
13 Telephone: (949) 852-0710 / Fax: (949) 852-0714

14 *Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci*
   *Companies, Inc. and Nick Vertucci*

15

16              UNITED STATES DISTRICT COURT

17      CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

18 | REAL ESTATE TRAINING | Case No. SACV14-00546 AG (DFMx) |
   | INTERNATIONAL, LLC, | |
19 | | Assigned to Hon. Andrew J. Guilford |
   | Plaintiff, | Courtroom 10D |
20 | | |
21 | v. | **DEFENDANTS' NOTICE OF** |
   | | **DEPOSITION TO T. CHARLES** |
22 | THE NICK VERTUCCI COMPANIES, | **PARR, III, PURSUANT TO** |
   | INC. and NICK VERTUCCI, | **SUBPOENA** |
23 | | |
   | Defendants. | DATE:   October 2, 2015 |
24 | | TIME:   9:00 a.m. |
   | | PLACE:  GONZALEZ, CHISCANO, |
25 | | ANGULO & KASSON, P.C. |
   | | 613 N.W. Loop 410, Ste. 800 |
26 | | San Antonio, Texas 78216 |

27

28

1    **NOTICE OF DEPOSITION**

2        TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

3    OF RECORD HEREIN:

4        PLEASE TAKE NOTICE that Defendants/Counter-Claimants The Nick

5    Vertucci Companies, Inc. and Nick Vertucci, pursuant to FRCP 30, will take the oral

6    deposition of T. Charles Parr, III, pursuant to the attached subpoena, on October 2,

7    2015, at 9:00 a.m. at the law offices of GONZALEZ, CHISCANO, ANGULO &

8    KASSON, P.C., 613 N.W. Loop 410, Suite 800, San Antonio, Texas 78216.

9        PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30 of the Federal

10   Rules of Civil Procedure, the deposition may be recorded by sound, sound-and-visual,

11   or stenographic means. The deposition will continue from day-to-day, excluding

12   holidays and weekends, until completed, and will be reported by a notary public or

13   other person authorized to administer oaths.

14       A list of all parties or attorneys for parties on whom this Notice of Deposition is

15   being served is shown on the accompanying Proof of Service.

16

17   Dated: September 22, 2015        AKERMAN, LLP

18                              SPACH, CAPALDI & WAGGAMAN

19                              */s/ Madison S. Spach, Jr.*

20                              Clint A. Corrie

                               Madison S. Spach, Jr.

21                              *Attorneys for Defendants/Counter-Plaintiffs*

                           *The Nick Vertucci Companies and Nick*

22                              *Vertucci*

23

24

25

26

27

28

1
2
3
4
5

## PROOF OF SERVICE

I am employed in the City of Dallas and County of Dallas, Texas.  I am over the age of 18 and not a party to the within action.  My business address is 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201.

On **September 22, 2015**, I served the following document(s):

## DEFENDANTS' NOTICE OF DEPOSITION TO
## T. CHARLES PARR, III PURSUANT TO SUBPOENA

on the persons below as follows:

| Attorney | Telephone/Facsimile/Email | Party |
|---|---|---|
| Andrew J. Moon, Esq. Education Management Services, LLC 2935 Thousand Oaks Dr., #6-285 San Antonio, TX 78247 | Telephone: 210-501-0077 Facsimile: 210-568-4493 andrew.j.moon@gmail.com andym@teamarmando.com | Attorneys for Plaintiff / Counter-Defendant REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |
| Jeffrey D. Cawdrey, Esq. Kimberly D. Howatt, Esq. Gordon & Rees LLP 633 W. 5th Street, 52nd Floor Los Angeles, CA 90017 | Telephone: 213.576.5000 Facsimile: 213.680.4470 jcawdrey@gordonrees.com khowatt@gordonrees.com | Attorneys for Plaintiff REAL ESTATE TRAINING INT'L, LLC and Counter-Defendant, ARMANDO MONTELONGO |

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Dallas, Texas.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **September 22, 2015**, at Dallas, Texas.

| | |
|---|---|
| Clint A. Corrie | /s/ Clint A. Corrie |
| (Type or print name) | (Signature) |

# Exhibit 2

THOMAS A SAUCEDO,
SCH# 3797
DATE: 1.23.15
WE DELIVER LEGAL SERVICES

**AKERMAN LLP**
KAREN PALLADINO CICCONE (CA SBN 143432)
Email: karen.ciccone@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:  (213) 688-9500
Facsimile:  (213) 627-6342

**AKERMAN LLP**
CLINT CORRIE (TX SBN 04840300)
*Admitted Pro Hac Vice*
Email: clint.corrie@akerman.com
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone:  (214) 720-4300
Facsimile:  (214) 981-9339

**SPACH, CAPALDI & WAGGAMAN, LLP**
MADISON S. SPACH, JR., SBN 94405
Email: madison.spach@gmail.com
ANDREW D. TSU, SBN 246265
Email: andrewtsu@gmail.com
4675 MacArthur Court, Suite 550
Newport Beach, California 92660
Telephone: (949) 852-0710 / Fax: (949) 852-0714

*Attorneys for Defendants/Counter-Plaintiffs The Nick Vertucci
Companies, Inc. and Nick Vertucci*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br><br>Defendants. | Case No. SACV14-00546 AG (DFMx)<br><br>Assigned to Hon. Andrew J. Guilford<br>Courtroom 10D<br><br>**SUBPOENA DUCES TECUM**<br><br>TO:  Mr. T. Charles Parr III<br>Parr & Associates<br>100 Northeast Loop 410<br>Suite 700<br>San Antonio, Texas 78216 |

{36134517:4}

1                                                  CASE NO. SACV14-00546 AG (DFMx)
**SUBPOENA DUCES TECUM**

**YOU ARE HEREBY COMMANDED** to appear on the 24th day in September 2015, at the hour of 9:00 a.m. at the office of Gonzalez, Chiscano, Angulo & Kasson, PC, 613 NW Loop 410, Suite 800, San Antonio, TX 78216 to give testimony and produce at said deposition all documents and things in your possession, custody, or control that are listed and described in Attachment A.

This deposition will be taken upon oral examination before a Notary Public or officer duly authorized by law to take depositions in the State of Texas. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, in aid of execution, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and other applicable rules of Court.

Dated: September 22, 2015                    Respectfully submitted,

*/s/ Clint A. Corrie*
Karen Palladino Ciccone, Esq.
Clint A. Corrie, Esq.
*Admitted Pro Hac Vice*
Madison S. Spach, Jr., Esq.
*Attorneys for Defendants/Counter-*
*Plaintiffs The Nick Vertucci*
*Companies, Inc. and Nick Vertucci*

{36134517;4}

# Exhibit 3

## ATTACHMENT A

## DEFINITIONS

1.  "You" or "Your" shall mean T. Charles Parr III, and any entity owned or controlled by T. Charles Parr III, including Parr & Associates, P.C., and all other Persons acting for your behalf.

2.  "Plaintiff" or "RETI" means Plaintiff/Counter-Defendant Real Estate Training International, LLC and shall include all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal entities that are wholly or partially owned or controlled by Real Estate Training International, LLC (either directly or indirectly), and including any of its past and present members, officers, directors, principals, agents, employees, representatives, consultants, attorneys, and all other Persons acting for, or on Real Estate Training International, LLC's behalf.

3.  "Plaintiff's Affiliates" include any companies which are affiliated with Plaintiff, including but not limited to: Armando Montelongo Companies, Inc.; Education Management Services, LLC; Internet Education, LLC; Lead Generation and Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.; NV Coaching, LLC; EIC VIRE, LLC; and Armando Montelongo Seminars.

4.  "Armando Montelongo" or "Montelongo" shall mean and refer to Armando Montelongo, Jr., and his partners, shareholders, agents, employees,

{36134517;4}

representatives, attorneys, predecessors, successors, assigns, affiliated entities owned by him and anyone else acting or purporting to act on his behalf.

5.    "Montelongo Affiliates" include any companies which are affiliated with Plaintiff or with Montelongo, including, but not limited to: Armando Montelongo Companies, Inc.; Education Management Services, LLC; Internet Education, LLC; Lead Generation and Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.; NV Coaching, LLC; EIC Venture, LLC; Real Estate Properties, L.L.C., and Armando Montelongo Seminars, and their various past and present members, officers, directors, principals, agents, employees, representatives, consultants, attorneys, and all other Persons acting for, or on their behalf.

6.    "Cash-Flow Properties" shall mean any aspect of the real properties that were financed, acquired, rehabbed, rented, marketed, and sold through any joint efforts of Vertucci and/or NVC, on the one hand, and Fernandez and/or his companies on the other hand, including, but not limited to, information about marketing, financing, rehab expenses, rental income profits, losses, distributions after the sales, marketing, marketing expenses, escrow deposits, title policies, and closings, and property deed recordation.

{36134517;4}

7.     "Cash-Flow Properties II" shall mean any aspect of the real properties that were financed, acquired, rehabbed, rented, marketed, and sold after August 28, 2013 until present through any joint efforts of Fernandez, Sabatino, and/or the Fernandez Related Companies, on the one hand, and Plaintiff, Montelongo, or any Montelongo Affiliates, on the other, including, but not limited to, information about marketing, financing, rehab expenses, rental income profits, losses, distributions after the sales, marketing, marketing expenses, escrow deposits, title policies, and closings, and property deed recordation.

8.     "Financial(s)," when used in connection with the Plaintiff or Plaintiff's Affiliates, includes, but is not limited to, monthly profit and loss statements, general ledgers, assets and liabilities, revenues and costs allocations, write-offs, any intercompany transfers, internal audits, or other final or supporting financial documents relied upon to prepare financial reports.

9.     "Lawsuit" shall mean this litigation, styled *Real Estate Training International, LLC v. The Nick Vertucci Companies & Nick Vertucci* filed in the U.S. District Court of the Central District of California,  Case Number: SACV14-00546 AG (DFMx).

10.     "Agreement" shall refer to the "Vendor Agreement" executed between NVC, Vertucci, and RETI and dated July 10, 2012.

{36134517;4}

11.   "Document" or "record" or "Information" shall have the broadest meaning and scope ascribed under Rule 34 of the Federal Rules of Civil Procedure, and shall include any written or graphic matter or other means of preserving thoughts and expression, and all tangible things from which information could be transcribed or processed, including the originals and all non-identical copies, including but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings, or other office communications, inter-office and intra-office, receipts, bills of sale, telephone calls, diaries, journals, chronological data, minutes, books, reports, files, tapes, cassettes, e-mails, disk drives, CD-ROM's, mechanical or electrical recordings of any kind, videotapes, video-recordings, photographs, graphs or aural records of any types, computer printouts, financial statements, employment manuals, contracts, affidavits, or any other possible form of communication that can exist which is not mentioned above. The terms "document" and "record" shall also include Electronically Stored Information ("ESI") as defined below.

12.   "Electronically Stored Information" or "ESI" shall include all electronically stored information, including, without limitation to: word processing documents; spreadsheets; presentation documents; PowerPoint slides; graphics; animations; images; email (including attachments which shall be kept with the

{36134517;4}

email); instant messages; text messages; voicemail; audio, visual, and audiovisual recordings; databases and database subsets; and other user or machine created computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, tablet computers, home computers, the Internet, archives, cloud or other off-site storage programs, discs, CD's, diskettes, drives, zip drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems, and back-up or disaster recovery systems.

13.   "Person" means any natural person, individual, partner, officer, director, principal, agent, employee, representative, consultant, attorney, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, firm (whether for profit or non-profit) governmental body, or any other form of legal entity that exists. Any gender reference shall be interchangeable, such that they are inclusive of either males or females unless otherwise indicated.

14.   The words "pertaining to," "pertains to," "regarding," "relating to," "relates," "as related to," "concerning," or any form thereof means (directly or indirectly) mentioning or describing,   referring to, contains or contains to,

embodies, mentions, supports, collaborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts upon a stated subject matter, person, or project.

15.    The terms "and" or "or" are to be treated as synonymous and interchangeable as sometimes indicated by the use of the term "and/or." "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

16.    Wherever appropriate, the singular form of a word shall be interpreted as plural.

17.    The words "any" and "all" shall be considered to include "each" and "each and every."

18.    Unless a different timeframe is set forth in the individual request, the "Relevant Time Period" this request seeks all responsive documents from January 1, 2011, through and including the present.

## DOCUMENTS TO BE PRODUCED

1.    Any documents pertaining to, or records of, the financials of Plaintiff.

2.    All financial statements of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

3.     All records supporting the financial statements of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

4.     All profit and loss statements of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

5.     All tax returns, and any records supporting or used in creating those tax returns, of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

6.     All documents submitted to YOU by Plaintiff for preparation of any tax returns of and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

7.     The general ledger of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

8.     All supporting documents for the general ledger of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

9.     All financial reports prepared by YOU for Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

10.    All documents submitted to YOU relating to any financial report prepared for Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

11.    Any audits of the financials of and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

12.    All documents reflecting any revenue generated by Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates by Vertucci for the years 2011 – 2015.

13.    All documents reflecting any costs of and/or Plaintiff's Affiliates and/or Montelongo Affiliates for the years 2011 – 2015.

14.    All documents reflecting any revenue generated for Plaintiff by any of the following contractors or employees:  Keith Yackey, Erik Slaikeu, Siggi

{36134517;4}

Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno, Gillian Birnie, Gene Dinger, Gus Fernandez, Nick Lamagna, Jenna Roman, Karen Roman, Judd Simpson, Tom Swenson, Mike Symes, Hal Tanner.

15.   All documents reflecting any costs to Plaintiff, including, but not limited to, salary, stipend, commissions, payments, hotel and travel expenses, and overhead allocation, associated with the following contractors or employees:  Keith Yackey, Erik Slaikeu, Siggi Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno, Gillian Birnie, Gene Dinger, Gus Fernandez, Nick Lamagna, Jenna Roman, Karen Roman, Judd Simpson, Tom Swenson, Mike Symes, Hal Tanner.

16.   All documents that evidence, memorialize or reflect any intercompany transfers between RETI and any of Plaintiff's Affiliates and/or Montelongo Affiliates between 2011 – 2015, including, but not limited to:

      a.  Armando Montelongo Companies, Inc.;
      b.  Education Management Services, LLC;
      c.  Internet Education, LLC;
      d.  Lead Generation and Marketing, LLC;
      e.  License Branding, LLC;
      f.  Performance Advantage Group, Inc.;
      g.  NV Coaching, LLC;
      h.  EIC VIRE, LLC; and
      i.  Armando Montelongo Seminars.

17.   All documents that evidence, memorialize or reflect any intercompany transfers by and between any of Plaintiff's Affiliates and/or Montelongo Affiliates for 2011 – 2015.

18.   All documents relating to any audit performed by You of the finances of Plaintiff, any of Plaintiff's Affiliates, and/or Montelongo, including any documents reviewed during such audit or created or produced by You as a result of such audit.

19.   Any documents reflecting the transfer or payment of money, salary or compensation of any kind among or between Plaintiff, any of Plaintiff's Affiliates, and/or Montelongo.

20.     Any documents reflecting commissions paid to Plaintiff from any source.

21.     Any documents reflecting distributions of any kind or character paid to Montelongo by Plaintiff or any of Plaintiff's Affiliates and/or Montelongo Affiliates.

22.     Any documents supporting or illustrating the reasons for any decrease in income to Plaintiff between 2012 to 2013, and between 2013 to 2014, and between 2014 to 2015.

23.     All communications between YOU and Montelongo regarding the financials of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates during the Relevant Time Period.

24.     All communications between YOU and RETI during the Relevant Time Period.

25.     All communications between YOU and any of Plaintiff's Affiliates, including but not limited to: Armando Montelongo Companies, Inc.; Education Management Services, LLC; Internet Education, LLC; Lead Generation and Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.; NV Coaching, LLC; EIC VIRE, LLC; and Armando Montelongo Seminars during the Relevant Time Period.

26.     Any documents pertaining to, or records of, the finances of Montelongo during the Relevant Time Period.

27.     All financial statements of Montelongo.

28.     All records supporting the financial statements of Montelongo.

29.     All profit and loss sheets or statements of Montelongo, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

30.     All tax returns, and any records supporting or used in creating those tax returns, of Montelongo.

{36134517;4}

31.   All documents submitted by Montelongo to YOU for preparation of any tax returns.

32.   All financial reports for Montelongo.

33.   Any documents pertaining to, or records of, the finances of Armando Montelongo Companies, Inc.

34.   All financial statements of Armando Montelongo Companies, Inc.

35.   All records supporting the financial statements of Armando Montelongo Companies, Inc.

36.   All profit and loss sheets or statements of Armando Montelongo Companies, Inc., and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

37.   All tax returns, and any records supporting or used in creating those tax returns, of Armando Montelongo Companies, Inc.

38.   All documents submitted by Armando Montelongo Companies, Inc. to YOU for preparation of any tax returns.

39.   The general ledger of Armando Montelongo Companies, Inc.

40.   All supporting documents for the general ledger of Armando Montelongo Companies, Inc.

41.   All financial reports for Armando Montelongo Companies, Inc.

42.   All documents submitted to YOU relating to any financial report for Armando Montelongo Companies, Inc.

43.   Any documents pertaining to, or records of, the finances of Education Management Services, LLC.

{36134517;4}

44. All financial statements of Education Management Services, LLC.

45. All records supporting the financial statements of Education Management Services, LLC.

46. All profit and loss sheets or statements of Education Management Services, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

47. All tax returns, and any records supporting or used in creating those tax returns, of Education Management Services, LLC.

48. All documents submitted by Education Management Services, LLC to YOU for preparation of any tax returns.

49. The general ledger of Education Management Services, LLC.

50. All supporting documents for the general ledger of Education Management Services, LLC.

51. All financial reports for Education Management Services, LLC.

52. All documents submitted to YOU relating to any financial report for Education Management Services, LLC.

53. Any documents pertaining to, or records of, the finances of Internet Education, LLC.

54. All financial statements of Internet Education, LLC.

55. All records supporting the financial statements of Internet Education, LLC.

56. All profit and loss sheets or statements of Internet Education, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

57.   All tax returns, and any records supporting or used in creating those tax returns, of Internet Education, LLC.

58.   All documents submitted by Internet Education, LLC to YOU for preparation of any tax returns.

59.   The general ledger of Internet Education, LLC.

60.   All supporting documents for the general ledger of Internet Education, LLC.

61.   All financial reports for Internet Education, LLC.

62.   All documents submitted to YOU relating to any financial report for Internet Education, LLC.

63.   Any documents pertaining to, or records of, the finances of Lead Generation and Marketing, LLC.

64.   All financial statements of Lead Generation and Marketing, LLC.

65.   All records supporting the financial statements of Lead Generation and Marketing, LLC.

66.   All profit and loss sheets or statements of Lead Generation and Marketing, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

67.   All tax returns, and any records supporting or used in creating those tax returns, of Lead Generation and Marketing, LLC.

68.   All documents submitted by Lead Generation and Marketing, LLC to YOU for preparation of any tax returns.

69.   The general ledger of Lead Generation and Marketing, LLC.

70.   All supporting documents for the general ledger of Lead Generation and Marketing, LLC.

{36134517:4}

71.     All financial reports for Lead Generation and Marketing, LLC.

72.     All documents submitted to YOU relating to any financial report for Lead Generation and Marketing, LLC.

73.     Any documents pertaining to, or records of, the finances of License Branding, LLC.

74.     All financial statements of License Branding, LLC.

75.     All records supporting the financial statements of License Branding, LLC.

76.     All profit and loss sheets or statements of License Branding, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

77.     All tax returns, and any records supporting or used in creating those tax returns, of License Branding, LLC.

78.     All documents submitted by License Branding, LLC to YOU for preparation of any tax returns.

79.     The general ledger of License Branding, LLC.

80.     All supporting documents for the general ledger of License Branding, LLC.

81.     All financial reports for License Branding, LLC.

82.     All documents submitted to YOU relating to any financial report for License Branding, LLC.

83.     Any documents pertaining to, or records of, the finances of Performance Advantage Group, Inc.

84.     All financial statements of Performance Advantage Group, Inc.

85.    All records supporting the financial statements of Performance Advantage Group, Inc.

86.    All profit and loss sheets or statements of Performance Advantage Group, Inc., and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

87.    All tax returns, and any records supporting or used in creating those tax returns, of Performance Advantage Group, Inc.

88.    All documents submitted by Performance Advantage Group, Inc. to YOU for preparation of any tax returns.

89.    The general ledger of Performance Advantage Group, Inc.

90.    All supporting documents for the general ledger of Performance Advantage Group, Inc.

91.    All financial reports for Performance Advantage Group, Inc.

92.    All documents submitted to YOU relating to any financial report for Performance Advantage Group, Inc.

93.    Any documents pertaining to, or records of, the finances of NV Coaching, LLC.

94.    All financial statements of NV Coaching, LLC.

95.    All records supporting the financial statements of NV Coaching, LLC.

96.    All profit and loss sheets or statements of NV Coaching, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

97.    All tax returns, and any records supporting or used in creating those tax returns, of NV Coaching, LLC.

{36134517;4}

98.   All documents submitted by NV Coaching, LLC to YOU for preparation of any tax returns.

99.   The general ledger of NV Coaching, LLC.

100.   All supporting documents for the general ledger of NV Coaching, LLC.

101.   All financial reports for NV Coaching, LLC.

102.   All documents submitted to YOU relating to any financial report for NV Coaching, LLC.

103.   Any documents pertaining to, or records of, the finances of EIC VIRE, LLC.

104.   All financial statements of EIC VIRE, LLC.

105.   All records supporting the financial statements of EIC VIRE, LLC.

106.   All profit and loss sheets or statements of EIC VIRE, LLC, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

107.   All tax returns, and any records supporting or used in creating those tax returns, of EIC VIRE, LLC.

108.   All documents submitted by EIC VIRE, LLC to YOU for preparation of any tax returns.

109.   The general ledger of EIC VIRE, LLC.

110.   All supporting documents for the general ledger of EIC VIRE, LLC.

111.   All financial reports for EIC VIRE, LLC.

112.   All documents submitted to YOU relating to any financial report for EIC VIRE, LLC.

{36134517;4}

113.   Any documents pertaining to, or records of, the finances of Armando Montelongo Seminars.

114.   All financial statements of Armando Montelongo Seminars.

115.   All records supporting the financial statements of Armando Montelongo Seminars.

116.   All profit and loss sheets or statements of Armando Montelongo Seminars, and any records supporting or used in creating those statements, including but not limited to all backup documents, supporting documents, and monthly reports.

117.   All tax returns, and any records supporting or used in creating those tax returns, of Armando Montelongo Seminars.

118.   All documents submitted by Armando Montelongo Seminars to YOU for preparation of any tax returns.

119.   The general ledger of Armando Montelongo Seminars.

120.   All supporting documents for the general ledger of Armando Montelongo Seminars.

121.   All financial reports for Armando Montelongo Seminars.

122.   All documents submitted to YOU relating to any financial report for Armando Montelongo Seminars.

# Exhibit 4

**P A R R & A S S O C I A T E S**
A PROFESSIONAL CORPORATION
**CERTIFIED PUBLIC ACCOUNTANTS**
ONE INTERNATIONAL CENTRE
100 NORTH EAST LOOP 410, SUITE 700
SAN ANTONIO, TEXAS 78216-4710
TELEPHONE 210.349.4431
FAX 210.349.4481
www.parrcpas.com

September 30, 2015

Mr. Andrew D. Tsu, Esq.
Spach, Capaldi & Waggaman, LLP
4675 MacArthur Ct., Ste. 550
Newport Beach, CA 92660

     **Re:**    Real Estate Training International, LLC, Plaintiff, *v.*
               The Nick Vertucci Companies, Inc. and Nick Vertucci, Defendants

**PERSONAL & CONFIDENTIAL**

**CERTIFIED #7015 0640 0006 2476 5142**
**RETURN RECEIPT REQUESTED**

Dear Mr. Tsu:

Enclosed please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III

Enclosure: As referenced above

cc:    Mr. Andrew J. Moon, Esq., Montelongo Companies
       Mr. Nathan Corbett, Esq., Montelongo Companies
       Mr. Jeffrey Cawdrey, Esq., Gordon & Rees
       Ms. Kimberly Howatt, Esq., Gordon & Rees
       Ms. Brittany McCarthy, Esq., Gordon & Rees

**P A R R & A S S O C I A T E S**
A PROFESSIONAL CORPORATION
**CERTIFIED PUBLIC ACCOUNTANTS**
ONE INTERNATIONAL CENTRE
100 NORTH EAST LOOP 410, SUITE 700
**SAN ANTONIO, TEXAS 78216-4710**
TELEPHONE 210.349.4431
FAX 210.349.4481
www.parrcpas.com

September 30, 2015


Mr. Madison S. Spach, Jr., Esq.
Spach, Capaldi & Waggaman, LLP
4675 MacArthur Ct., Ste. 550
Newport Beach, CA  92660

      **Re:**    Real Estate Training International, LLC, Plaintiff, *v.*
               The Nick Vertucci Companies, Inc. and Nick Vertucci, Defendants

**PERSONAL & CONFIDENTIAL**

**CERTIFIED #7015 0640 0006 2476 5135**
**RETURN RECEIPT REQUESTED**


Dear Mr. Spach:

Enclosed please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III


Enclosure: As referenced above

cc:     Mr. Andrew J. Moon, Esq., Montelongo Companies
         Mr. Nathan Corbett, Esq., Montelongo Companies
         Mr. Jeffrey Cawdrey, Esq., Gordon & Rees
         Ms. Kimberly Howatt, Esq., Gordon & Rees
         Ms. Brittany McCarthy, Esq., Gordon & Rees

**P A R R & A S S O C I A T E S**
A PROFESSIONAL CORPORATION
**CERTIFIED PUBLIC ACCOUNTANTS**
ONE INTERNATIONAL CENTRE
100 NORTH EAST LOOP 410, SUITE 700
**SAN ANTONIO, TEXAS 78216-4710**
TELEPHONE 210.349.4431
FAX 210.349.4481
www.parrcpas.com

September 30, 2015

Mr. David A. Meek, Esq.
Akerman LLP
420 S. Orange Ave., Ste. 1200
Orlando, FL  32801

      **Re:**    Real Estate Training International, LLC, Plaintiff, *v.*
              The Nick Vertucci Companies, Inc. and Nick Vertucci, Defendants

**PERSONAL & CONFIDENTIAL**

**CERTIFIED #7015 0640 0006 2476 5128**
**RETURN RECEIPT REQUESTED**

Dear Mr. Meek:

Enclosed please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III

Enclosure: As referenced above

cc:    Mr. Andrew J. Moon, Esq., Montelongo Companies
       Mr. Nathan Corbett, Esq., Montelongo Companies
       Mr. Jeffrey Cawdrey, Esq., Gordon & Rees
       Ms. Kimberly Howatt, Esq., Gordon & Rees
       Ms. Brittany McCarthy, Esq., Gordon & Rees

**P A R R & A S S O C I A T E S**
A PROFESSIONAL CORPORATION
**CERTIFIED PUBLIC ACCOUNTANTS**
ONE INTERNATIONAL CENTRE
100 NORTH EAST LOOP 410, SUITE 700
**SAN ANTONIO, TEXAS 78216-4710**
TELEPHONE 210.349.4431
FAX 210.349.4481
www.parrcpas.com

September 30, 2015

Mr. Clint A. Corrie, Esq.
Akerman LLP
2001 Ross Ave, Suite 2550
Dallas, TX 75201-2991

> **Re:**   Real Estate Training International, LLC, Plaintiff, *v.*
> The Nick Vertucci Companies, Inc. and Nick Vertucci, Defendants

**PERSONAL & CONFIDENTIAL**

**CERTIFIED #7015 0640 0006 2476 5104**
**RETURN RECEIPT REQUESTED**

Dear Mr. Corrie:

Enclosed please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III

Enclosure: As referenced above

cc:   Mr. Andrew J. Moon, Esq., Montelongo Companies
      Mr. Nathan Corbett, Esq., Montelongo Companies
      Mr. Jeffrey Cawdrey, Esq., Gordon & Rees
      Ms. Kimberly Howatt, Esq., Gordon & Rees
      Ms. Brittany McCarthy, Esq., Gordon & Rees

**P A R R & A S S O C I A T E S**
A PROFESSIONAL CORPORATION
**CERTIFIED PUBLIC ACCOUNTANTS**
ONE INTERNATIONAL CENTRE
100 NORTH EAST LOOP 410, SUITE 700
SAN ANTONIO, TEXAS 78216-4710
TELEPHONE 210.349.4431
FAX 210.349.4481
www.parrcpas.com

September 30, 2015


Mr. Christopher Hodge, Esq.
Akerman LLP
2001 Ross Ave, Suite 2550
Dallas, TX 75201-2991

> **Re:**   Real Estate Training International, LLC, Plaintiff, *v.*
> The Nick Vertucci Companies, Inc. and Nick Vertucci, Defendants

**PERSONAL & CONFIDENTIAL**

**CERTIFIED #7015 0640 0006 2476 5111**
**RETURN RECEIPT REQUESTED**


Dear Mr. Hodge:

Enclosed please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III


Enclosure: As referenced above

cc:   Mr. Andrew J. Moon, Esq., Montelongo Companies
      Mr. Nathan Corbett, Esq., Montelongo Companies
      Mr. Jeffrey Cawdrey, Esq., Gordon & Rees
      Ms. Kimberly Howatt, Esq., Gordon & Rees
      Ms. Brittany McCarthy, Esq., Gordon & Rees

**PARR & ASSOCIATES**
A PROFESSIONAL CORPORATION
**CERTIFIED PUBLIC ACCOUNTANTS**
ONE INTERNATIONAL CENTRE
100 NORTH EAST LOOP 410, SUITE 700
**SAN ANTONIO, TEXAS 78216-4710**
TELEPHONE 210.349.4431
FAX 210.349.4481
www.parrcpas.com

September 30, 2015

Ms. Karen Palladino Ciccone, Esq.
Akerman Senterfitt LLP
725 South Figueroa Street 38th Floor
Los Angeles, CA 90017-5433

> **Re:**   Real Estate Training International, LLC, Plaintiff, *v.*
> The Nick Vertucci Companies, Inc. and Nick Vertucci, Defendants

**PERSONAL & CONFIDENTIAL**

**CERTIFIED #7015 0640 0006 2476 5098**
**RETURN RECEIPT REQUESTED**

Dear Ms. Ciccone:

Enclosed please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III

Enclosure: As referenced above

cc:    Mr. Andrew J. Moon, Esq., Montelongo Companies
       Mr. Nathan Corbett, Esq., Montelongo Companies
       Mr. Jeffrey Cawdrey, Esq., Gordon & Rees
       Ms. Kimberly Howatt, Esq., Gordon & Rees
       Ms. Brittany McCarthy, Esq., Gordon & Rees

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

10

11 | REAL ESTATE TRAINING        ) CASE NO. 8:14-cv-00546-AG-DFM
   | INTERNATIONAL, LLC,         )
12 |                             ) **T. CHARLES PARR III'S**
   |              Plaintiff,     ) **OBJECTION TO DEFENDANTS**
13 |                             ) **AND COUNTER-PLAINTIFFS'**
   |     v.                      ) **DEPOSITION NOTICE,**
14 |                             ) **SUBPOENA FOR TESTIMONY**
   | THE NICK VERTUCCI COMPANIES,) **AND SUBPOENA DUCES TECUM**
15 | INC. and NICK VERTUCCI,     )
   |                             ) Dept.:   Courtroom 10D
16 |              Defendants.    ) Judge:  Hon. Andrew J. Guilford
   | _____)
17 | THE NICK VERTUCCI COMPANIES,)
18 | INC. and NICK VERTUCCI,     )
   |                             )
19 | Counterclaimants            )
   |                             )
20 |     v.                      )
   |                             )
21 | REAL ESTATE TRAINING        )
   | INTERNATIONAL, LLC; ARMANDO )
22 | MONTELONGO                  )
   |                             )
23 | Counterdefendants.          )
   | _____)
24

25         T. CHARLES PARR, III hereby submits the following objections to

26  Defendants/Counter-Plaintiffs THE NICK VERTUCCI COMPANIES, INC. and

27  NICK VERTUCCI's Notice of Deposition, Subpoena to Testify in a Civil Action,

28  and Subpoena Duces Tecum.

## **OBJECTIONS TO DEPOSITION NOTICE**

T. CHARLES PARR, III ("Parr") objects to the deposition notice on the grounds that he is unavailable on the unilaterally selected date, and is thus subject to undue burden.

Moreover, the unilaterally-selected date is only nine (9) days after the date of the service of the subpoena, and thus is improper and untimely notice of a deposition and document demand, as it fails to allow a reasonable time to comply.

Parr further objects because he is informed and believes that the court-ordered cut-off date for depositions of party-controlled witnesses was August 31, 2015 and for non-party witnesses it was September 30, 2015; the notice and subpoenas improperly require him to provide testimony on October 2, 2015. Further, the cut-off date to issue written discovery requests, including document demands, was June 29, 2015.

Parr also objects to the demand for documents, consisting of 122 categories of documents sought, as burdensome, oppressive, and harassing, and imposes undue expense. Further, this set of requests seeks information that is not reasonably accessible because of undue burden or cost.

Parr objects to the notice and subpoenas to the extent they call for information (whether testimony or documents) protected from disclosure by the Attorney-Client Privilege, the Attorney Work Product Doctrine, and the state and federal Constitutions.

Parr further objects to the notice and subpoenas to the extent they seek information (whether testimony or documents) that is protected from disclosure under the state and federal constitutional rights to privacy. Parr objects to the notice and subpoenas as burdensome, harassing, and oppressive.

**For each and all of these reasons, and pursuant to Fed. R. Civ. P. 45, Parr will neither appear on the date set forth in the subpoena nor produce documents in response to same.**

1        In addition to the general objections above, Parr objects to the individual

2    requests in the subpoena duces tecum as follows:

3    **<u>OBJECTIONS TO DEFINITIONS</u>**

4        Parr objects to the definition of "Plaintiff" and "RETI" as vague and

5    ambiguous, overbroad to the extent that the definition includes

6    "all predecessors, subsidiaries, joint ventures, parents, affiliates, and other legal

7    entities that are wholly or partially owned or controlled by Real Estate Training

8    International, LLC (either directly or indirectly), and including any of its past and

9    present members, officers, directors, principals, agents, employees,

10   representatives, consultants, attorneys, and all other Persons acting for, or on Real

11   Estate Training International, LLC's behalf."   There are many "affiliates" owned

12   or controlled by RETI and/or the members of RETI that are potentially included in

13   this definition that are entirely irrelevant to the subject matter of the litigation.

14   This definition is therefore not reasonably particular and, on its face, seeks

15   irrelevant subject matter beyond the scope of Rule 26.

16       Parr objects to the definition of "Plaintiff's Affiliates" as vague and

17   ambiguous and overbroad.  There are many "affiliates" owned or controlled by

18   Plaintiff that are potentially included in this definition that are entirely irrelevant

19   to the subject matter of the litigation.   This definition is therefore not reasonably

20   particular and, on its face, addresses irrelevant subject matter beyond the scope of

21   Rule 26.

22       Parr objects to the definition of "Montelongo Affiliates" as vague and

23   ambiguous and overbroad.  There are many "affiliates" owned or controlled or

24   affiliated with Mr. Montelongo that are potentially included in this definition that

25   are entirely irrelevant to the subject matter of the litigation.   This definition is

26   therefore not reasonably particular and, on its face, addresses irrelevant subject

27   matter beyond the scope of Rule 26.

28

1  Parr objects to the definition of "Cash-Flow Properties" as vague and

2  ambiguous.  Parr is  a Certified Public Accountant in an accounting firm and is not

3  knowledgeable regarding, nor is Parr responsible for tracking the "efforts" of, the

4  party(ies) responsible for the sale of individual properties.

5  Parr objects to the definition of "Cash-Flow Properties II" as vague and

6  ambiguous.  Parr is a Certified Public Accountant in an accounting firm and is not

7  knowledgeable regarding, nor is Parr responsible for tracking the "efforts" of, the

8  party(ies) responsible for the sale of individual properties.

9  ## OBJECTIONS TO DOCUMENTS TO BE PRODUCED

10  1.  Any documents pertaining to, or records of, the financials of Plaintiff.

11  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

12  burdensome and harassing, in that it is unlimited to scope and seeks documents

13  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

14  this request seeks documents protected from disclosure by the right to privacy as

15  set forth in the California Constitution, and potentially seeks documents protected

16  by attorney-client and/or work product privileges.

17  2.  All financial statements of Plaintiff and/or Plaintiff's Affiliates and/or

18  Montelongo Affiliates.

19  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

20  burdensome and harassing, in that it is unlimited to scope and seeks documents

21  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

22  this request seeks documents protected from disclosure by the right to privacy as

23  set forth in the California Constitution.

24  3.  All records supporting the financial statements of Plaintiff and/or

25  Plaintiff's Affiliates and/or Montelongo Affiliates.

26  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

27  burdensome and harassing, in that it is unlimited to scope and seeks documents

28  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

1   this request seeks documents protected from disclosure by the right to privacy as

2   set forth in the California Constitution, and potentially seeks documents protected

3   by attorney-client and/or work product privileges.

4       4.      All profit and loss statements of Plaintiff and/or Plaintiff's Affiliates

5   and/or Montelongo Affiliates, and any records supporting or used in creating those

6   statements, including but not limited to all backup documents, supporting

7   documents, and monthly reports.

8       **Objection.**   This request is compound, vague, ambiguous, and overbroad

9   and unduly burdensome and harassing, in that it is unlimited to scope and seeks

10  documents that would exceed the scope of Rule 26, and thus are not discoverable.

11  Moreover, this request seeks documents protected from disclosure by the right to

12  privacy as set forth in the California Constitution.

13      5.      All tax returns, and any records supporting or used in creating those

14  tax returns, of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

15      **Objection.**   This request is compound, vague, ambiguous, and overbroad

16  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

17  documents that would exceed the scope of Rule 26, and thus are not discoverable.

18  Moreover, this request seeks documents protected from disclosure by the right to

19  privacy as set forth in the California Constitution.   In addition, Defendants have

20  not shown a compelling need for tax returns.   *Zuniga v. Western Apts.*, 2014 U.S.

21  Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are

22  protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.*

23  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

24  720.

25      6.      All documents submitted to YOU by Plaintiff for preparation of any

26  tax returns of and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

27      **Objection.**   This request is vague, ambiguous, and overbroad and unduly

28  burdensome and harassing, in that it is unlimited to scope and seeks documents

1   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

2   this request seeks documents protected from disclosure by the right to privacy as

3   set forth in the California Constitution.   In addition, Defendants have not shown a

4   compelling need for tax returns.   *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS

5   83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are protected from

6   disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d

7   509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

8         7.    The general ledger of Plaintiff and/or Plaintiff's Affiliates and/or

9   Montelongo Affiliates.

10   **Objection.**  This request is vague, ambiguous, and overbroad and unduly

11   burdensome and harassing, in that it is unlimited to scope and seeks documents

12   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

13   this request seeks documents protected from disclosure by the right to privacy as

14   set forth in the California Constitution.

15         8.    All supporting documents for the general ledger of Plaintiff and/or

16   Plaintiff's Affiliates and/or Montelongo Affiliates.

17   **Objection.**  This request is vague, ambiguous, and overbroad and unduly

18   burdensome and harassing, in that it is unlimited to scope and seeks documents

19   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

20   this request seeks documents protected from disclosure by the right to privacy as

21   set forth in the California Constitution, and potentially seeks documents protected

22   by attorney-client and/or work product privileges.

23         9.    All financial reports prepared by YOU for Plaintiff and/or Plaintiff's

24   Affiliates and/or Montelongo Affiliates.

25   **Objection.**  This request is compound, vague, ambiguous, and overbroad

26   and unduly burdensome and harassing, in that it is unlimited to scope and seeks

27   documents that would exceed the scope of Rule 26, and thus are not discoverable.

28

1    Moreover, this request seeks documents protected from disclosure by the right to

2    privacy as set forth in the California Constitution.

3        10.   All documents submitted to YOU relating to any financial report

4    prepared for Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates.

5        **Objection.**   This request is compound, vague, ambiguous, and overbroad

6    and unduly burdensome and harassing, in that it is unlimited to scope and seeks

7    documents that would exceed the scope of Rule 26, and thus are not discoverable.

8    Moreover, this request seeks documents protected from disclosure by the right to

9    privacy as set forth in the California Constitution.

10       11.   Any audits of the financials of and/or Plaintiff's Affiliates and/or

11   Montelongo Affiliates.

12       **Objection.**   This request is vague, ambiguous, and overbroad and unduly

13   burdensome and harassing, in that it is unlimited to scope and seeks documents

14   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

15   this request seeks documents protected from disclosure by the right to privacy as

16   set forth in the California Constitution, and potentially seeks documents protected

17   by attorney-client and/or work product privileges.

18       12.   All documents reflecting any revenue generated by Plaintiff and/or

19   Plaintiff's Affiliates and/or Montelongo Affiliates by Vertucci for the years 2011 –

20   2015.

21       **Objection.**   This request is compound, vague, ambiguous, and overbroad

22   and unduly burdensome and harassing, in that it is unlimited to scope and seeks

23   documents that would exceed the scope of Rule 26, and thus are not discoverable.

24   Moreover, this request seeks documents protected from disclosure by the right to

25   privacy as set forth in the California Constitution, and potentially seeks documents

26   protected by attorney-client and/or work product privileges.

27       13.   All documents reflecting any costs of and/or Plaintiff's Affiliates

28   and/or Montelongo Affiliates for the years 2011 – 2015.

1      **Objection.**   This request is compound, vague, ambiguous, and overbroad

2  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

3  documents that would exceed the scope of Rule 26, and thus are not discoverable.

4  Moreover, this request seeks documents protected from disclosure by the right to

5  privacy as set forth in the California Constitution, and potentially seeks documents

6  protected by attorney-client and/or work product privileges.

7      14.   All documents reflecting any revenue generated for Plaintiff by any of

8  the following contractors or employees: Keith Yackey, Erik Slaikeu, Siggi

9  Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno, Gillian Birnie, Gene Dinger,

10  Gus Fernandez, Nick Lamagna, Jenna Roman, Karen Roman, Judd Simpson, Tom

11  Swenson, Mike Symes, Hal Tanner.

12      **Objection.**   This request is vague, ambiguous, and overbroad and unduly

13  burdensome and harassing, in that it is unlimited to scope and seeks documents

14  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

15  this request seeks documents protected from disclosure by the right to privacy as

16  set forth in the California Constitution, and potentially seeks documents protected

17  by attorney-client and/or work product privileges.

18      15. All documents reflecting any costs to Plaintiff, including, but not limited

19  to, salary, stipend, commissions, payments, hotel and travel expenses, and

20  overhead allocation, associated with the following contractors or employees: Keith

21  Yackey, Erik Slaikeu, Siggi Ahrens, Mike Tracey, Mark Cadero, Manuel Moreno,

22  Gillian Birnie, Gene Dinger, Gus Fernandez, Nick Lamagna, Jenna Roman, Karen

23  Roman, Judd Simpson, Tom Swenson, Mike Symes, Hal Tanner.

24      **Objection.**   This request is vague, ambiguous, and overbroad and unduly

25  burdensome and harassing, in that it is unlimited to scope and seeks documents

26  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

27  this request seeks documents protected from disclosure by the right to privacy as

28  set forth in the California Constitution, and potentially seeks documents protected

1  by attorney-client and/or work product privileges.  Additionally, this request seeks

2  documents that are available from another source(s) that is more convenient, less

3  burdensome, and less expensive.

4      16.    All documents that evidence, memorialize or reflect any intercompany

5  transfers between RETI and any of Plaintiff's Affiliates and/or Montelongo

6  Affiliates between 2011 – 2015, including, but not limited to:

7          a.  Armando Montelongo Companies, Inc.;

8          b.  Education Management Services, LLC;

9          c.  Internet Education, LLC;

10          d.  Lead Generation and Marketing, LLC;

11          e.  License Branding, LLC;

12          f.  Performance Advantage Group, Inc.;

13          g.  NV Coaching, LLC;

14          h.  EIC VIRE, LLC; and

15          i.  Armando Montelongo Seminars.

16  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

17  burdensome and harassing, in that it is unlimited to scope and seeks documents

18  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

19  this request seeks documents protected from disclosure by the right to privacy as

20  set forth in the California Constitution, and potentially seeks documents protected

21  by attorney-client and/or work product privileges.

22      17.    All documents that evidence, memorialize or reflect any intercompany

23  transfers by and between any of Plaintiff's Affiliates and/or Montelongo Affiliates

24  for 2011 – 2015.

25  **Objection.**  This request is compound, vague, ambiguous, and overbroad

26  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

27  documents that would exceed the scope of Rule 26, and thus are not discoverable.

28  Moreover, this request seeks documents protected from disclosure by the right to

1   privacy as set forth in the California Constitution, and potentially seeks documents

2   protected by attorney-client and/or work product privileges.

3       18.    All documents relating to any audit performed by You of the finances

4   of Plaintiff, any of Plaintiff's Affiliates, and/or Montelongo, including any

5   documents reviewed during such audit or created or produced by You as a result of

6   such audit.

7   **Objection.**  This request is compound, vague, ambiguous, and overbroad

8   and unduly burdensome and harassing, in that it is unlimited to scope and seeks

9   documents that would exceed the scope of Rule 26, and thus are not discoverable.

10  Moreover, this request seeks documents protected from disclosure by the right to

11  privacy as set forth in the California Constitution.

12      19.    Any documents reflecting the transfer or payment of money, salary or

13  compensation of any kind among or between Plaintiff, any of Plaintiff's Affiliates,

14  and/or Montelongo.

15  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

16  burdensome and harassing, in that it is unlimited to scope and seeks documents

17  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

18  this request seeks documents protected from disclosure by the right to privacy as

19  set forth in the California Constitution, and potentially seeks documents protected

20  by attorney-client and/or work product privileges.

21      20.    Any documents reflecting commissions paid to Plaintiff from any

22  source.

23  **Objection.**  This request is vague, ambiguous, and overbroad and unduly

24  burdensome and harassing, in that it is unlimited to scope and seeks documents

25  that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

26  this request seeks documents protected from disclosure by the right to privacy as

27  set forth in the California Constitution.

28

21.     Any documents reflecting distributions of any kind or character paid to Montelongo by Plaintiff or any of Plaintiff's Affiliates and/or Montelongo Affiliates.

**Objection.**   This request is compound, vague, ambiguous, and overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. Moreover, this request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

22.     Any documents supporting or illustrating the reasons for any decrease in income to Plaintiff between 2012 to 2013, and between 2013 to 2014, and between 2014 to 2015.

**Objection.**   This request is compound, vague, ambiguous, and overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. Moreover, this request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution, and potentially seeks documents protected by attorney-client and/or work product privileges.

23.     All communications between YOU and Montelongo regarding the financials of Plaintiff and/or Plaintiff's Affiliates and/or Montelongo Affiliates during the Relevant Time Period.

**Objection.**   This request is compound, vague, ambiguous, and overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would exceed the scope of Rule 26, and thus are not discoverable. Moreover, this request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.

24.     All communications between YOU and RETI during the Relevant Time Period.

-11-

1   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

2   burdensome and harassing, in that it is unlimited to scope and seeks documents

3   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

4   this request seeks documents protected from disclosure by the right to privacy as

5   set forth in the California Constitution.

6   25.   All communications between YOU and any of Plaintiff's Affiliates,

7   including but not limited to: Armando Montelongo Companies, Inc.; Education

8   Management Services, LLC; Internet Education, LLC; Lead Generation and

9   Marketing, LLC; License Branding, LLC; Performance Advantage Group, Inc.;

10   NV Coaching, LLC; EIC VIRE, LLC; and Armando Montelongo Seminars during

11   the Relevant Time Period.

12   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

13   burdensome and harassing, in that it is unlimited to scope and seeks documents

14   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

15   this request seeks documents protected from disclosure by the right to privacy as

16   set forth in the California Constitution.

17   26.   Any documents pertaining to, or records of, the finances of

18   Montelongo during the Relevant Time Period.

19   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

20   burdensome and harassing, in that it is unlimited to scope and seeks documents

21   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

22   this request seeks documents protected from disclosure by the right to privacy as

23   set forth in the California Constitution, and potentially seeks documents protected

24   by attorney-client and/or work product privileges.

25   27.   All financial statements of Montelongo.

26   **Objection.**   This request is vague, ambiguous, and overbroad and unduly

27   burdensome and harassing, in that it is unlimited to scope and seeks documents

28   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

-12-

1   this request seeks documents protected from disclosure by the right to privacy as

2   set forth in the California Constitution.

3       28.     All records supporting the financial statements of Montelongo.

4       **Objection.**   This request is vague, ambiguous, and overbroad and unduly

5   burdensome and harassing, in that it is unlimited to scope and seeks documents

6   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

7   this request seeks documents protected from disclosure by the right to privacy as

8   set forth in the California Constitution. This request for any documents pertaining

9   to, or records of, the finances of Montelongo during the Relevant Time Period

10  potentially seeks documents protected by attorney-client and/or work product

11  privileges.

12      29.     All profit and loss sheets or statements of Montelongo, and any

13  records supporting or used in creating those statements, including but not limited to

14  all backup documents, supporting documents, and monthly reports.

15      **Objection.**   This request is compound, vague, ambiguous, and overbroad

16  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

17  documents that would exceed the scope of Rule 26, and thus are not discoverable.

18  Moreover, this request seeks documents protected from disclosure by the right to

19  privacy as set forth in the California Constitution, and potentially seeks documents

20  protected by attorney-client and/or work product privileges.

21      30.     All tax returns, and any records supporting or used in creating those

22  tax returns, of Montelongo.

23      **Objection.**   This request is compound, vague, ambiguous, and overbroad

24  and unduly burdensome and harassing, in that it is unlimited to scope and seeks

25  documents that would exceed the scope of Rule 26, and thus are not discoverable.

26  Moreover, this request seeks documents protected from disclosure by the right to

27  privacy as set forth in the California Constitution.   In addition, Defendants have

28  not shown a compelling need for tax returns, or documents related thereto.  *Zuniga*

1   *v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).

2   Finally, these documents are protected from disclosure by the taxpayer privilege.

3   *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior*

4   *Court* (1993) 5 Cal.4th 704, 720.

5       31.    All documents submitted by Montelongo to YOU for preparation of

6   any tax returns.

7       **Objection.**   This request is vague, ambiguous, and overbroad and unduly

8   burdensome and harassing, in that it is unlimited to scope and seeks documents

9   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

10   this request seeks documents protected from disclosure by the right to privacy as

11   set forth in the California Constitution.   In addition, Defendants have not shown a

12   compelling need for tax returns, or documents related thereto.  *Zuniga v. Western*

13   *Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these

14   documents are protected from disclosure by the taxpayer privilege.  *Webb v.*

15   *Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court*

16   (1993) 5 Cal.4th 704, 720.

17       32.    All financial reports for Montelongo.

18       **Objection.**   This request is vague, ambiguous, and overbroad and unduly

19   burdensome and harassing, in that it is unlimited to scope and seeks documents

20   that would exceed the scope of Rule 26, and thus are not discoverable.  Moreover,

21   this request seeks documents protected from disclosure by the right to privacy as

22   set forth in the California Constitution. This request for any documents pertaining

23   to, or records of, the finances of Montelongo during the Relevant Time Period

24   potentially seeks documents protected by attorney-client and/or work product

25   privileges.

26       33.    Any documents pertaining to, or records of, the finances of Armando

27   Montelongo Companies, Inc.

28

1   **Objection.**   This request is overbroad and unduly burdensome and
2   harassing, in that it is unlimited to scope and seeks documents that would be
3   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks
4   documents protected from disclosure by the right to privacy as set forth in the
5   California Constitution, and potentially seeks documents protected by attorney-
6   client and/or work product privileges.

7       34.    All financial statements of Armando Montelongo Companies, Inc.

8   **Objection.**   This request is overbroad and unduly burdensome and
9   harassing, in that it is unlimited to scope and seeks documents that would be
10  entirely irrelevant to the litigation in violation of Rule 26.   This request seeks
11  documents protected from disclosure by the right to privacy as set forth in the
12  California Constitution.

13      35.    All records supporting the financial statements of Armando
14  Montelongo Companies, Inc.

15  **Objection.**   This request is vague, ambiguous, and overbroad and unduly
16  burdensome and harassing, in that it is unlimited to scope and seeks documents
17  that would exceed the scope of Rule 26, and thus are not discoverable.   Moreover,
18  this request seeks documents protected from disclosure by the right to privacy as
19  set forth in the California Constitution.

20      36.    All profit and loss sheets or statements of Armando Montelongo
21  Companies, Inc., and any records supporting or used in creating those statements,
22  including but not limited to all backup documents, supporting documents, and
23  monthly reports.

24  **Objection.**   This request is compound, vague, ambiguous, and overbroad
25  and unduly burdensome and harassing, in that it is unlimited to scope and seeks
26  documents that would exceed the scope of Rule 26, and thus are not discoverable.
27  Moreover, this request seeks documents protected from disclosure by the right to
28  privacy as set forth in the California Constitution. This request for any documents

-15-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

1    pertaining to, or records of, the finances of Montelongo during the Relevant Time

2    Period potentially seeks documents protected by attorney-client and/or work

3    product privileges.

4        37.    All tax returns, and any records supporting or used in creating those

5    tax returns, of Armando Montelongo Companies, Inc.

6    **Objection.**    This request is compound, overbroad and unduly burdensome

7    and harassing, in that it is unlimited to scope and seeks documents that would be

8    entirely irrelevant to the litigation in violation of Rule 26.    This request seeks

9    documents protected from disclosure by the right to privacy as set forth in the

10    California Constitution.    In addition, Defendants have not shown a compelling

11    need for tax returns, or documents related thereto.    *Zuniga v. Western Apts.*, 2014

12    U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).    Finally, these documents are

13    protected from disclosure by the taxpayer privilege.    *Webb v. Standard Oil Co.*

14    (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

15    720.

16        38.    All documents submitted by Armando Montelongo Companies, Inc. to

17    YOU for preparation of any tax returns.

18    **Objection.**    This request is overbroad and unduly burdensome and

19    harassing, in that it is unlimited to scope and seeks documents that would be

20    entirely irrelevant to the litigation in violation of Rule 26.    This request seeks

21    documents protected from disclosure by the right to privacy as set forth in the

22    California Constitution.    In addition, Defendants have not shown a compelling

23    need for tax returns, or documents related thereto.    *Zuniga v. Western Apts.*, 2014

24    U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).    Finally, these documents are

25    protected from disclosure by the taxpayer privilege.    *Webb v. Standard Oil Co.*

26    (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

27    720.

28        39.    The general ledger of Armando Montelongo Companies, Inc.

1    **Objection.**   This request is overbroad and unduly burdensome and

2    harassing, in that it is unlimited to scope and seeks documents that would be

3    entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

4    documents protected from disclosure by the right to privacy as set forth in the

5    California Constitution.

6        40.    All supporting documents for the general ledger of Armando

7    Montelongo Companies, Inc.

8    **Objection.**   This request is overbroad and unduly burdensome and

9    harassing, in that it is unlimited to scope and seeks documents that would be

10    entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

11    documents protected from disclosure by the right to privacy as set forth in the

12    California Constitution, and potentially seeks documents protected by attorney-

13    client and/or work product privileges.

14        41.    All financial reports for Armando Montelongo Companies, Inc.

15    **Objection.**   This request is overbroad and unduly burdensome and

16    harassing, in that it is unlimited to scope and seeks documents that would be

17    entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

18    documents protected from disclosure by the right to privacy as set forth in the

19    California Constitution.

20        42.    All documents submitted to YOU relating to any financial report for

21    Armando Montelongo Companies, Inc.

22    **Objection.**   This request is overbroad and unduly burdensome and

23    harassing, in that it is unlimited to scope and seeks documents that would be

24    entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

25    documents protected from disclosure by the right to privacy as set forth in the

26    California Constitution

27        43.    Any documents pertaining to, or records of, the finances of Education

28    Management Services, LLC.

-17-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

1   **Objection.**   This request is overbroad and unduly burdensome and

2   harassing, in that it is unlimited to scope and seeks documents that would be

3   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

4   documents protected from disclosure by the right to privacy as set forth in the

5   California Constitution, and potentially seeks documents protected by attorney-

6   client and/or work product privileges.

7        44.   All financial statements of Education Management Services, LLC.

8        **Objection.**   This request is overbroad and unduly burdensome and

9   harassing, in that it is unlimited to scope and seeks documents that would be

10   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

11   documents protected from disclosure by the right to privacy as set forth in the

12   California Constitution.

13        45.   All records supporting the financial statements of Education

14    Management Services, LLC.

15        **Objection.**   This request is overbroad and unduly burdensome and

16   harassing, in that it is unlimited to scope and seeks documents that would be

17   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

18   documents protected from disclosure by the right to privacy as set forth in the

19   California Constitution, and potentially seeks documents protected by attorney-

20   client and/or work product privileges.

21        46.   All profit and loss sheets or statements of Education Management

22   Services, LLC, and any records supporting or used in creating those statements,

23   including but not limited to all backup documents, supporting documents, and

24   monthly reports.

25        **Objection.**   This request is compound, overbroad and unduly burdensome

26   and harassing, in that it is unlimited to scope and seeks documents that would be

27   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

28   documents protected from disclosure by the right to privacy as set forth in the

-18-

1    California Constitution, and potentially seeks documents protected by attorney-

2    client and/or work product privileges.

3        47.    All tax returns, and any records supporting or used in creating those

4     tax returns, of Education Management Services, LLC.

5        **Objection.**   This request is compound, overbroad and unduly burdensome

6    and harassing, in that it is unlimited to scope and seeks documents that would be

7    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8    documents protected from disclosure by the right to privacy as set forth in the

9    California Constitution.   In addition, Defendants have not shown a compelling

10   need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

11   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

12   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

13   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

14   720.

15       48.    All documents submitted by Education Management Services, LLC to

16    YOU for preparation of any tax returns.

17       **Objection.**   This request is overbroad and unduly burdensome and

18   harassing, in that it is unlimited to scope and seeks documents that would be

19   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

20   documents protected from disclosure by the right to privacy as set forth in the

21   California Constitution.   In addition, Defendants have not shown a compelling

22   need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

23   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

24   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

25   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

26   720.

27       49.    The general ledger of Education Management Services, LLC.

28

1   **Objection.**  This request is overbroad and unduly burdensome and

2   harassing, in that it is unlimited to scope and seeks documents that would be

3   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4   documents protected from disclosure by the right to privacy as set forth in the

5   California Constitution.

6         50.     All supporting documents for the general ledger of Education

7    Management Services, LLC.

8   **Objection.**  This request is overbroad and unduly burdensome and

9   harassing, in that it is unlimited to scope and seeks documents that would be

10  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

11  documents protected from disclosure by the right to privacy as set forth in the

12  California Constitution, and potentially seeks documents protected by attorney-

13  client and/or work product privileges.

14        51.     All financial reports for Education Management Services, LLC.

15  **Objection.**  This request is overbroad and unduly burdensome and

16  harassing, in that it is unlimited to scope and seeks documents that would be

17  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18  documents protected from disclosure by the right to privacy as set forth in the

19  California Constitution.

20        52.     All documents submitted to YOU relating to any financial report for

21   Education Management Services, LLC.

22  **Objection.**  This request is overbroad and unduly burdensome and

23  harassing, in that it is unlimited to scope and seeks documents that would be

24  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25  documents protected from disclosure by the right to privacy as set forth in the

26  California Constitution.

27        53.     Any documents pertaining to, or records of, the finances of Internet

28   Education, LLC.

1    **Objection.**   This request is overbroad and unduly burdensome and
2    harassing, in that it is unlimited to scope and seeks documents that would be
3    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
4    documents protected from disclosure by the right to privacy as set forth in the
5    California Constitution, and potentially seeks documents protected by attorney-
6    client and/or work product privileges.

7        54.    All financial statements of Internet Education, LLC.

8    **Objection.**   This request is overbroad and unduly burdensome and
9    harassing, in that it is unlimited to scope and seeks documents that would be
10   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
11   documents protected from disclosure by the right to privacy as set forth in the
12   California Constitution.

13       55.    All records supporting the financial statements of Internet Education,
14   LLC.

15   **Objection.**   This request is overbroad and unduly burdensome and
16   harassing, in that it is unlimited to scope and seeks documents that would be
17   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
18   documents protected from disclosure by the right to privacy as set forth in the
19   California Constitution.

20       56.    All profit and loss sheets or statements of Internet Education, LLC,
21   and any records supporting or used in creating those statements, including but not
22   limited to all backup documents, supporting documents, and monthly reports.

23   **Objection.**   This request is compound, overbroad and unduly burdensome
24   and harassing, in that it is unlimited to scope and seeks documents that would be
25   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
26   documents protected from disclosure by the right to privacy as set forth in the
27   California Constitution.

28

1    57.   All tax returns, and any records supporting or used in creating those tax

2    returns, of Internet Education, LLC.

3    **Objection.**   This request is compound, overbroad and unduly burdensome

4    and harassing, in that it is unlimited to scope and seeks documents that would be

5    entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

6    documents protected from disclosure by the right to privacy as set forth in the

7    California Constitution.   In addition, Defendants have not shown a compelling

8    need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014

9    U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are

10   protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.*

11   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

12   720.

13    58.    All documents submitted by Internet Education, LLC to YOU for

14   preparation of any tax returns.

15    **Objection.**   This request is overbroad and unduly burdensome and

16   harassing, in that it is unlimited to scope and seeks documents that would be

17   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

18   documents protected from disclosure by the right to privacy as set forth in the

19   California Constitution.   In addition, Defendants have not shown a compelling

20   need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014

21   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are

22   protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.*

23   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

24   720.

25    59.    The general ledger of Internet Education, LLC.

26    **Objection.**   This request is overbroad and unduly burdensome and

27   harassing, in that it is unlimited to scope and seeks documents that would be

28   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

1   documents protected from disclosure by the right to privacy as set forth in the

2   California Constitution.

3        60.    All supporting documents for the general ledger of Internet Education,

4   LLC.

5        **Objection.**   This request is overbroad and unduly burdensome and

6   harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution, and potentially seeks documents protected by attorney-

10  client and/or work product privileges.

11       61.    All financial reports for Internet Education, LLC.

12       **Objection.**   This request is overbroad and unduly burdensome and

13  harassing, in that it is unlimited to scope and seeks documents that would be

14  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

15  documents protected from disclosure by the right to privacy as set forth in the

16  California Constitution.

17       62.    All documents submitted to YOU relating to any financial report for

18  Internet Education, LLC.

19       **Objection.**   This request is overbroad and unduly burdensome and

20  harassing, in that it is unlimited to scope and seeks documents that would be

21  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

22  documents protected from disclosure by the right to privacy as set forth in the

23  California Constitution, and potentially seeks documents protected by attorney-

24  client and/or work product privileges.

25       63.    Any documents pertaining to, or records of, the finances of Lead

26  Generation and Marketing, LLC.

27       **Objection.**   This request is overbroad and unduly burdensome and

28  harassing, in that it is unlimited to scope and seeks documents that would be

1  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

2  documents protected from disclosure by the right to privacy as set forth in the

3  California Constitution, and potentially seeks documents protected by attorney-

4  client and/or work product privileges.

5        64.    All financial statements of Lead Generation and Marketing, LLC.

6      **Objection.**   This request is overbroad and unduly burdensome and

7  harassing, in that it is unlimited to scope and seeks documents that would be

8  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

9  documents protected from disclosure by the right to privacy as set forth in the

10 California Constitution.

11       65.    All records supporting the financial statements of Lead Generation

12 and Marketing, LLC.

13     **Objection.**   This request is overbroad and unduly burdensome and

14 harassing, in that it is unlimited to scope and seeks documents that would be

15 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

16 documents protected from disclosure by the right to privacy as set forth in the

17 California Constitution.

18       66.    All profit and loss sheets or statements of Lead Generation and

19 Marketing, LLC, and any records supporting or used in creating those statements,

20 including but not limited to all backup documents, supporting documents, and

21 monthly reports.

22     **Objection.**   This request is compound, overbroad and unduly burdensome

23 and harassing, in that it is unlimited to scope and seeks documents that would be

24 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25 documents protected from disclosure by the right to privacy as set forth in the

26 California Constitution, and potentially seeks documents protected by attorney-

27 client and/or work product privileges.

28

67.     All tax returns, and any records supporting or used in creating those tax returns, of Lead Generation and Marketing, LLC.

**Objection.**   This request is compound, overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.   This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.   In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

68.     All documents submitted by Lead Generation and Marketing, LLC to YOU for preparation of any tax returns.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.   This request seeks documents protected from disclosure by the right to privacy as set forth in the California Constitution.   In addition, Defendants have not shown a compelling need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.* (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 720.

69.     The general ledger of Lead Generation and Marketing, LLC.

**Objection.**   This request is overbroad and unduly burdensome and harassing, in that it is unlimited to scope and seeks documents that would be entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

1   documents protected from disclosure by the right to privacy as set forth in the

2   California Constitution

3       70.    All supporting documents for the general ledger of Lead Generation

4   and Marketing, LLC.

5       **Objection.**   This request is overbroad and unduly burdensome and

6   harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution, and potentially seeks documents protected by attorney-

10  client and/or work product privileges.

11      71.    All financial reports for Lead Generation and Marketing, LLC.

12      **Objection.**   This request is overbroad and unduly burdensome and

13  harassing, in that it is unlimited to scope and seeks documents that would be

14  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

15  documents protected from disclosure by the right to privacy as set forth in the

16  California Constitution

17      72.    All documents submitted to YOU relating to any financial report for

18  Lead Generation and Marketing, LLC.

19      **Objection.**   This request is overbroad and unduly burdensome and

20  harassing, in that it is unlimited to scope and seeks documents that would be

21  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

22  documents protected from disclosure by the right to privacy as set forth in the

23  California Constitution

24      73.    Any documents pertaining to, or records of, the finances of License

25  Branding, LLC.

26      **Objection.**   This request is overbroad and unduly burdensome and

27  harassing, in that it is unlimited to scope and seeks documents that would be

28  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

1   documents protected from disclosure by the right to privacy as set forth in the

2   California Constitution, and potentially seeks documents protected by attorney-

3   client and/or work product privileges.

4       74.    All financial statements of License Branding, LLC.

5       **Objection.**   This request is overbroad and unduly burdensome and

6   harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution.

10      75.    All records supporting the financial statements of License Branding,

11  LLC.

12      **Objection.**   This request is overbroad and unduly burdensome and

13  harassing, in that it is unlimited to scope and seeks documents that would be

14  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

15  documents protected from disclosure by the right to privacy as set forth in the

16  California Constitution, and potentially seeks documents protected by attorney-

17  client and/or work product privileges.

18      76.    All profit and loss sheets or statements of License Branding, LLC, and

19  any records supporting or used in creating those statements, including but not

20  limited to all backup documents, supporting documents, and monthly reports.

21      **Objection.**   This request is compound, overbroad and unduly burdensome

22  and harassing, in that it is unlimited to scope and seeks documents that would be

23  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

24  documents protected from disclosure by the right to privacy as set forth in the

25  California Constitution.

26      77.    All tax returns, and any records supporting or used in creating those

27  tax returns, of License Branding, LLC.

28

-27-

1    **Objection.**   This request is compound, overbroad and unduly burdensome

2    and harassing, in that it is unlimited to scope and seeks documents that would be

3    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4    documents protected from disclosure by the right to privacy as set forth in the

5    California Constitution In addition, Defendants have not shown a compelling need

6    for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014 U.S.

7    Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

8    protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

9    (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

10    720.

11        78.    All documents submitted by License Branding, LLC to YOU for

12    preparation of any tax returns.

13    **Objection.**   This request is overbroad and unduly burdensome and

14    harassing, in that it is unlimited to scope and seeks documents that would be

15    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

16    documents protected from disclosure by the right to privacy as set forth in the

17    California Constitution.  In addition, Defendants have not shown a compelling

18    need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

19    U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

20    protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

21    (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

22    720.

23        79.    The general ledger of License Branding, LLC.

24    **Objection.**   This request is overbroad and unduly burdensome and

25    harassing, in that it is unlimited to scope and seeks documents that would be

26    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

27    documents protected from disclosure by the right to privacy as set forth in the

28    California Constitution.

1    80.    All supporting documents for the general ledger of License Branding,

2  LLC.

3    **Objection.**   This request is overbroad and unduly burdensome and

4  harassing, in that it is unlimited to scope and seeks documents that would be

5  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

6  documents protected from disclosure by the right to privacy as set forth in the

7  California Constitution, and potentially seeks documents protected by attorney-

8  client and/or work product privileges.

9    81.    All financial reports for License Branding, LLC.

10    **Objection.**   This request is overbroad and unduly burdensome and

11  harassing, in that it is unlimited to scope and seeks documents that would be

12  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

13  documents protected from disclosure by the right to privacy as set forth in the

14  California Constitution.

15    82.    All documents submitted to YOU relating to any financial report for

16  License Branding, LLC.

17    **Objection.**   This request is overbroad and unduly burdensome and

18  harassing, in that it is unlimited to scope and seeks documents that would be

19  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

20  documents protected from disclosure by the right to privacy as set forth in the

21  California Constitution

22    83.    Any documents pertaining to, or records of, the finances of

23  Performance Advantage Group, Inc.

24    **Objection.**   This request is overbroad and unduly burdensome and

25  harassing, in that it is unlimited to scope and seeks documents that would be

26  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

27  documents protected from disclosure by the right to privacy as set forth in the

28

1  California Constitution, and potentially seeks documents protected by attorney-

2  client and/or work product privileges.

3        84.    All financial statements of Performance Advantage Group, Inc.

4  **Objection.**   This request is overbroad and unduly burdensome and

5  harassing, in that it is unlimited to scope and seeks documents that would be

6  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

7  documents protected from disclosure by the right to privacy as set forth in the

8  California Constitution.

9        85.    All records supporting the financial statements of Performance

10  Advantage Group, Inc.

11  **Objection.**   This request is overbroad and unduly burdensome and

12  harassing, in that it is unlimited to scope and seeks documents that would be

13  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14  documents protected from disclosure by the right to privacy as set forth in the

15  California Constitution, and potentially seeks documents protected by attorney-

16  client and/or work product privileges.

17        86.    All profit and loss sheets or statements of Performance Advantage

18  Group, Inc., and any records supporting or used in creating those statements,

19  including but not limited to all backup documents, supporting documents, and

20  monthly reports.

21  **Objection.**   This request is compound, overbroad and unduly burdensome

22  and harassing, in that it is unlimited to scope and seeks documents that would be

23  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

24  documents protected from disclosure by the right to privacy as set forth in the

25  California Constitution.

26        87.    All tax returns, and any records supporting or used in creating those

27  tax returns, of Performance Advantage Group, Inc.

28

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

1   **Objection.**   This request is compound, overbroad and unduly burdensome

2   and harassing, in that it is unlimited to scope and seeks documents that would be

3   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

4   documents protected from disclosure by the right to privacy as set forth in the

5   California Constitution.   In addition, Defendants have not shown a compelling

6   need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014

7   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are

8   protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.*

9   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

10   720.

11   88.   All documents submitted by Performance Advantage Group, Inc. to

12   YOU for preparation of any tax returns.

13   **Objection.**   This request is overbroad and unduly burdensome and

14   harassing, in that it is unlimited to scope and seeks documents that would be

15   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

16   documents protected from disclosure by the right to privacy as set forth in the

17   California Constitution.   In addition, Defendants have not shown a compelling

18   need for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014

19   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).   Finally, these documents are

20   protected from disclosure by the taxpayer privilege.   *Webb v. Standard Oil Co.*

21   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

22   720.

23   89.   The general ledger of Performance Advantage Group, Inc.

24   **Objection.**   This request is overbroad and unduly burdensome and

25   harassing, in that it is unlimited to scope and seeks documents that would be

26   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

27   documents protected from disclosure by the right to privacy as set forth in the

28   California Constitution

1    90.    All supporting documents for the general ledger of Performance

2    Advantage Group, Inc.

3    **Objection.**   This request is overbroad and unduly burdensome and

4    harassing, in that it is unlimited to scope and seeks documents that would be

5    entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

6    documents protected from disclosure by the right to privacy as set forth in the

7    California Constitution, and potentially seeks documents protected by attorney-

8    client and/or work product privileges.

9    91.    All financial reports for Performance Advantage Group, Inc.

10   **Objection.**   This request is overbroad and unduly burdensome and

11   harassing, in that it is unlimited to scope and seeks documents that would be

12   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

13   documents protected from disclosure by the right to privacy as set forth in the

14   California Constitution.

15   92.    All documents submitted to YOU relating to any financial report for

16   Performance Advantage Group, Inc.

17   **Objection.**   This request is overbroad and unduly burdensome and

18   harassing, in that it is unlimited to scope and seeks documents that would be

19   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

20   documents protected from disclosure by the right to privacy as set forth in the

21   California Constitution, and potentially seeks documents protected by attorney-

22   client and/or work product privileges.

23   93.    Any documents pertaining to, or records of, the finances of NV

24   Coaching, LLC.

25   **Objection.**   This request is overbroad and unduly burdensome and

26   harassing, in that it is unlimited to scope and seeks documents that would be

27   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

28   documents protected from disclosure by the right to privacy as set forth in the

1   California Constitution, and potentially seeks documents protected by attorney-
2   client and/or work product privileges.

3        94.    All financial statements of NV Coaching, LLC.

4       **Objection.**   This request is overbroad and unduly burdensome and
5   harassing, in that it is unlimited to scope and seeks documents that would be
6   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
7   documents protected from disclosure by the right to privacy as set forth in the
8   California Constitution.

9        95.    All records supporting the financial statements of NV Coaching, LLC.

10      **Objection.**   This request is overbroad and unduly burdensome and
11  harassing, in that it is unlimited to scope and seeks documents that would be
12  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
13  documents protected from disclosure by the right to privacy as set forth in the
14  California Constitution, and potentially seeks documents protected by attorney-
15  client and/or work product privileges.

16       96.    All profit and loss sheets or statements of NV Coaching, LLC, and
17  any records supporting or used in creating those statements, including but not
18  limited to all backup documents, supporting documents, and monthly reports.

19      **Objection.**   This request is compound, overbroad and unduly burdensome
20  and harassing, in that it is unlimited to scope and seeks documents that would be
21  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks
22  documents protected from disclosure by the right to privacy as set forth in the
23  California Constitution, and potentially seeks documents protected by attorney-
24  client and/or work product privileges.

25       97.    All tax returns, and any records supporting or used in creating those
26  tax returns, of NV Coaching, LLC.

27      **Objection.**   This request is compound, overbroad and unduly burdensome
28  and harassing, in that it is unlimited to scope and seeks documents that would be

1  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

2  documents protected from disclosure by the right to privacy as set forth in the

3  California Constitution.   In addition, Defendants have not shown a compelling

4  need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

5  U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

6  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

7  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

8  720.

9      98.    All documents submitted by NV Coaching, LLC to YOU for

10  preparation of any tax returns.

11      **Objection.**   This request is overbroad and unduly burdensome and

12  harassing, in that it is unlimited to scope and seeks documents that would be

13  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14  documents protected from disclosure by the right to privacy as set forth in the

15  California Constitution In addition, Defendants have not shown a compelling need

16  for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014 U.S.

17  Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

18  protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

19  (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

20  720.

21      99.    The general ledger of NV Coaching, LLC.

22      **Objection.**   This request is overbroad and unduly burdensome and

23  harassing, in that it is unlimited to scope and seeks documents that would be

24  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

25  documents protected from disclosure by the right to privacy as set forth in the

26  California Constitution.

27      100.   All supporting documents for the general ledger of NV Coaching,

28  LLC.

T. Charles Parr, III's Objection to Defendants and Counter-Plaintiffs' Deposition
Notice, Subpoena for Testimony and Subpoena Duces Tecum

1    **Objection.**   This request is overbroad and unduly burdensome and

2    harassing, in that it is unlimited to scope and seeks documents that would be

3    entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

4    documents protected from disclosure by the right to privacy as set forth in the

5    California Constitution, and potentially seeks documents protected by attorney-

6    client and/or work product privileges.

7        101.   All financial reports for NV Coaching, LLC.

8    **Objection.**   This request is overbroad and unduly burdensome and

9    harassing, in that it is unlimited to scope and seeks documents that would be

10   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

11   documents protected from disclosure by the right to privacy as set forth in the

12   California Constitution.

13       102.   All documents submitted to YOU relating to any financial report for

14   NV Coaching, LLC.

15   **Objection.**   This request is overbroad and unduly burdensome and

16   harassing, in that it is unlimited to scope and seeks documents that would be

17   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

18   documents protected from disclosure by the right to privacy as set forth in the

19   California Constitution.

20       103.   Any documents pertaining to, or records of, the finances of EIC

21   VIRE, LLC.

22   **Objection.**   This request is overbroad and unduly burdensome and

23   harassing, in that it is unlimited to scope and seeks documents that would be

24   entirely irrelevant to the litigation in violation of Rule 26.   This request seeks

25   documents protected from disclosure by the right to privacy as set forth in the

26   California Constitution, and potentially seeks documents protected by attorney-

27   client and/or work product privileges.

28       104.   All financial statements of EIC VIRE, LLC.

1     **Objection.**   This request is overbroad and unduly burdensome and

2 harassing, in that it is unlimited to scope and seeks documents that would be

3 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

4 documents protected from disclosure by the right to privacy as set forth in the

5 California Constitution.

6     105.   All records supporting the financial statements of EIC VIRE, LLC.

7     **Objection.**   This request is overbroad and unduly burdensome and

8 harassing, in that it is unlimited to scope and seeks documents that would be

9 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

10 documents protected from disclosure by the right to privacy as set forth in the

11 California Constitution, and potentially seeks documents protected by attorney-

12 client and/or work product privileges.

13     106.   All profit and loss sheets or statements of EIC VIRE, LLC, and any

14 records supporting or used in creating those statements, including but not limited to

15 all backup documents, supporting documents, and monthly reports.

16     **Objection.**   This request is compound, overbroad and unduly burdensome

17 and harassing, in that it is unlimited to scope and seeks documents that would be

18 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

19 documents protected from disclosure by the right to privacy as set forth in the

20 California Constitution.

21     107.   All tax returns, and any records supporting or used in creating those

22 tax returns, of EIC VIRE, LLC.

23     **Objection.**   This request is compound, overbroad and unduly burdensome

24 and harassing, in that it is unlimited to scope and seeks documents that would be

25 entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

26 documents protected from disclosure by the right to privacy as set forth in the

27 California Constitution.   In addition, Defendants have not shown a compelling

28 need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

-36-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

1   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

2   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

3   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

4   720.

5        108.   All documents submitted by EIC VIRE, LLC to YOU for preparation

6   of any tax returns.

7   **Objection.**   This request is overbroad and unduly burdensome and

8   harassing, in that it is unlimited to scope and seeks documents that would be

9   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

10   documents protected from disclosure by the right to privacy as set forth in the

11   California Constitution In addition, Defendants have not shown a compelling need

12   for tax returns, or documents related thereto.   *Zuniga v. Western Apts.*, 2014 U.S.

13   Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

14   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

15   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

16   720.

17        109.   The general ledger of EIC VIRE, LLC.

18   **Objection.**   This request is overbroad and unduly burdensome and

19   harassing, in that it is unlimited to scope and seeks documents that would be

20   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

21   documents protected from disclosure by the right to privacy as set forth in the

22   California Constitution

23        110.   All supporting documents for the general ledger of EIC VIRE, LLC.

24   **Objection.**   This request is overbroad and unduly burdensome and

25   harassing, in that it is unlimited to scope and seeks documents that would be

26   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

27   documents protected from disclosure by the right to privacy as set forth in the

28

1   California Constitution, and potentially seeks documents protected by attorney-

2   client and/or work product privileges.

3        111.   All financial reports for EIC VIRE, LLC.

4   **Objection.**   This request is overbroad and unduly burdensome and

5   harassing, in that it is unlimited to scope and seeks documents that would be

6   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

7   documents protected from disclosure by the right to privacy as set forth in the

8   California Constitution.

9        112.   All documents submitted to YOU relating to any financial report for

10  EIC VIRE, LLC.

11  **Objection.**   This request is overbroad and unduly burdensome and

12  harassing, in that it is unlimited to scope and seeks documents that would be

13  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14  documents protected from disclosure by the right to privacy as set forth in the

15  California Constitution.

16       113.   Any documents pertaining to, or records of, the finances of Armando

17  Montelongo Seminars.

18  **Objection.**   This request is overbroad and unduly burdensome and

19  harassing, in that it is unlimited to scope and seeks documents that would be

20  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

21  documents protected from disclosure by the right to privacy as set forth in the

22  California Constitution, and potentially seeks documents protected by attorney-

23  client and/or work product privileges.

24       114.   All financial statements of Armando Montelongo Seminars.

25  **Objection.**   This request is overbroad and unduly burdensome and

26  harassing, in that it is unlimited to scope and seeks documents that would be

27  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

28

-38-

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

1   documents protected from disclosure by the right to privacy as set forth in the

2   California Constitution.

3        115.   All records supporting the financial statements of Armando

4   Montelongo Seminars.

5        **Objection.**   This request is overbroad and unduly burdensome and

6   harassing, in that it is unlimited to scope and seeks documents that would be

7   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

8   documents protected from disclosure by the right to privacy as set forth in the

9   California Constitution, and potentially seeks documents protected by attorney-

10  client and/or work product privileges.

11       116.   All profit and loss sheets or statements of Armando Montelongo

12  Seminars, and any records supporting or used in creating those statements,

13  including but not limited to all backup documents, supporting documents, and

14  monthly reports.

15       **Objection.**   This request is compound, overbroad and unduly burdensome

16  and harassing, in that it is unlimited to scope and seeks documents that would be

17  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

18  documents protected from disclosure by the right to privacy as set forth in the

19  California Constitution, and potentially seeks documents protected by attorney-

20  client and/or work product privileges.

21       117.   All tax returns, and any records supporting or used in creating those

22  tax returns, of Armando Montelongo Seminars.

23       **Objection.**   This request is compound, overbroad and unduly burdensome

24  and harassing, in that it is unlimited to scope and seeks documents that would be

25  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

26  documents protected from disclosure by the right to privacy as set forth in the

27  California Constitution In addition, Defendants have not shown a compelling need

28  for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014 U.S.

1   Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

2   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

3   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

4   720.

5       118.   All documents submitted by Armando Montelongo Seminars to YOU

6   for preparation of any tax returns.

7       **Objection.**   This request is overbroad and unduly burdensome and

8   harassing, in that it is unlimited to scope and seeks documents that would be

9   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

10   documents protected from disclosure by the right to privacy as set forth in the

11   California Constitution.   In addition, Defendants have not shown a compelling

12   need for tax returns, or documents related thereto.  *Zuniga v. Western Apts.*, 2014

13   U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014).  Finally, these documents are

14   protected from disclosure by the taxpayer privilege.  *Webb v. Standard Oil Co.*

15   (1957) 49 Cal. 2d 509, 513 and *Schnabel v. Superior Court* (1993) 5 Cal.4th 704,

16   720.

17       119.   The general ledger of Armando Montelongo Seminars.

18       **Objection.**   This request is overbroad and unduly burdensome and

19   harassing, in that it is unlimited to scope and seeks documents that would be

20   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

21   documents protected from disclosure by the right to privacy as set forth in the

22   California Constitution.

23       120.   All supporting documents for the general ledger of Armando

24   Montelongo Seminars.

25       **Objection.**   This request is overbroad and unduly burdensome and

26   harassing, in that it is unlimited to scope and seeks documents that would be

27   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

28   documents protected from disclosure by the right to privacy as set forth in the

1   California Constitution, and potentially seeks documents protected by attorney-

2   client and/or work product privileges.

3        121.   All financial reports for Armando Montelongo Seminars.

4        **Objection.**   This request is overbroad and unduly burdensome and

5   harassing, in that it is unlimited to scope and seeks documents that would be

6   entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

7   documents protected from disclosure by the right to privacy as set forth in the

8   California Constitution

9        122.   All documents submitted to YOU relating to any financial report for

10  Armando Montelongo Seminars.

11       **Objection.**   This request is overbroad and unduly burdensome and

12  harassing, in that it is unlimited to scope and seeks documents that would be

13  entirely irrelevant to the litigation in violation of Rule 26.  This request seeks

14  documents protected from disclosure by the right to privacy as set forth in the

15  California Constitution, and potentially seeks documents protected by attorney-

16  client and/or work product privileges.

17

18  Dated:  September 30, 2015

19  

20                                      T. Charles Parr, III

21

22

23

24

25

26

27

28

1096731/25170953v.1

T. CHARLES PARR, III'S OBJECTION TO DEFENDANTS AND COUNTER-PLAINTIFFS' DEPOSITION
NOTICE, SUBPOENA FOR TESTIMONY AND SUBPOENA DUCES TECUM

# Exhibit 5

**Brittany McCarthy**

| | |
|---|---|
| **From:** | christopher.hodge@akerman.com |
| **Sent:** | Thursday, October 01, 2015 9:29 AM |
| **To:** | CParr@parrcpas.com |
| **Cc:** | Jeffrey Cawdrey; Kimberly Howatt; Brittany McCarthy; andym@teamarmando.com; nathanc@teamarmando.com; madison.spach@gmail.com; andrewtsu@gmail.com; clint.corrie@akerman.com; david.meek@akerman.com; Karen.Ciccone@akerman.com |
| **Subject:** | RE: T. Charles Parr Objection |
| **Attachments:** | ltr to C. Parr.pdf |

Mr. Parr,

Thank you.  We are in receipt of your objections to our subpoena.  Please note, however, that the Federal Rules of Civil Procedure do not permit a witness to unilaterally refuse to attend a deposition pursuant to a properly-served subpoena.  Accordingly, we plan to proceed with the deposition tomorrow.  As noted in the attached letter, faxed to your office yesterday, the location of the deposition will now be at the offices of Plunkett & Griesenbeck, Inc., 1635 N.E. Loop 410, Suite 900, San Antonio, Texas 78209, (210) 734-7092.

Best,
Chris Hodge

**Christopher M. Hodge**
Associate
Akerman LLP | 2001 Ross Avenue | Suite 2550 | Dallas, TX 75201
Dir: 214.720.4323 | Main: 214.720.4300 | Fax: 214.981.9339
christopher.hodge@akerman.com

vCard | Bio



Akerman LLP  600+ lawyers  20 locations | akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Charles Parr [mailto:CParr@parrcpas.com]
**Sent:** Wednesday, September 30, 2015 5:56 PM
**To:** madison.spach@gmail.com; andrewtsu@gmail.com; Corrie, Clint (Ptnr-Dal); Meek, David (Assoc-Orl); Hodge, Christopher (Assoc-Dal); Ciccone, Karen (Ptnr-Lax)
**Cc:** jcawdrey@gordonrees.com; khowatt@gordonrees.com; bmccarthy@gordonrees.com; Andy Moon; nathanc@teamarmando.com
**Subject:** T. Charles Parr Objection

1

**Exhibit 2**

**Page 49**

Case 5:15-mc-01046-OLG   Document 3   Filed 12/02/15   Page 95 of 109
Case 8:14-cv-00546-AG-DFM   Document 242-3   Filed 10/27/15   Page 3 of 26   Page ID
#:4821

To:   Ms. Karen Palladino Ciccone, Esq.
      Mr. Clint A. Corrie, Esq.
      Mr. Christopher Hodge, Esq.
      Mr. David A. Meek, Esq.
      Mr. Madison S. Spach, Jr., Esq.
      Mr. Andrew D. Tsu, Esq.


Attached please find, *T. Charles Parr III's Objection to Defendants and Counter-Plaintiffs' Deposition Notice, Subpoena for Testimony and Subpoena Duces Tecum.*

Very truly yours,

T. Charles Parr, III

Parr & Associates
100 North East Loop 410, Suite 700
San Antonio, Texas 78216
telephone:  210.349.4431
facsimile:  210.349.4481
e-mail:  cparr@parrcpas.com
www.parrcpas.com


CONFIDENTIALITY NOTICE


***E-mail transmissions cannot be guaranteed to be secure, timely, or error-free***

Parr & Associates recommends that you do not send confidential information to us via electronic mail, including account numbers, social security numbers or any personal identification numbers.

The information contained in this email is confidential information intended only for the use of the intended recipient or agent responsible to deliver it to the intended recipient.  You are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone at 210-349-4431 or send the original message to us at the above address via the U.S. Postal Service.

**Exhibit 2**                                                                 **Page 50**

Case 5:15-mc-01046-OLG Document 3 Filed 12/02/15 Page 96 of 109
Case 8:14-cv-00546-AG-DFM Document 242-3 Filed 10/27/15 Page 4 of 26 Page ID
#:4822



Christopher M. Hodge

Akerman LLP
2001 Ross Avenue
Suite 2550
Dallas, TX 75201
Tel: 214.720.4300
Fax: 214.981.9339

Dir Tel: 214.720.4323
christopher.hodge@akerman.com

September 30, 2015

*Via Facsimile to: 210.349.4481*

T. Charles Parr, III
Parr & Associates
100 North East Loop 410, Suite 700
San Antonio, Texas 78216

Re:  Subpoena to Testify at Deposition and Produce Documents in *Real Estate Training International, LLC v. The Nick Vertucci Companies, Inc., et al.*, Case No. 2014-cv-00546-AG-DFM; In the United States District Court for the Central District of California, Southern Division

Dear Mr. Parr:

My office represents Defendants Nick Vertucci and The Nick Vertucci Companies, Inc. in the above-captioned lawsuit. As you are aware, you have been subpoenaed to testify at a deposition, and to produce documents, at 9:00 a.m. on Friday, October 2, 2015, pursuant to the attached subpoena.

This letter is to notify you that the location of the deposition has been changed to:

Plunkett & Griesenbeck, Inc.
1635 N. E. Loop 410 Suite 900
San Antonio, TX 78209
(210) 734-7092
(210) 734-0379 (fax)

{36286087;1}

**Exhibit 2**

**Page 51**

Case 5:15-mc-01046-OLG   Document 3   Filed 12/02/15   Page 97 of 109
Case 8:14-cv-00546-AG-DFM   Document 242-3   Filed 10/27/15   Page 5 of 26   Page ID
#:4823

Charles T. Parr III
September 30, 2015
Page 2

_____

     All other information in the subpoena remains the same. Please contact me at the above phone number or email address at your earliest opportunity to confirm your receipt of this location change.

                    Yours very truly,

                    Christopher M. Hodge

CMH/bs
Enclosure

{36286087;1}

**Exhibit 2**

**Page 52**

# Exhibit 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | SACV 14-0546-AG(DFMx) | Date  June 9, 2014 |
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC v THE NICK VERTUCCI COMPANIES, INC, ET AL | |

Present: The Honorable    ANDREW J. GUILFORD, U.S. District Judge

| Lisa Bredahl | Miriam Baird |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Cawdrey | Clint Corrie, PHV |

**Proceedings:**   SCHEDULING CONFERENCE


Cause is called for hearing and counsel make their appearances.  Court and counsel confer.

The Court sets the following dates:

Discovery Cutoff is June 29, 2015.

A Final Pretrial Conference is set for September 14, 2015, at 8:30 a.m.

A Jury Trial is set for September 29, 2015 at 9:00 a.m.  Court sets the length of the trial at 5 days.

Scheduling Order Specifying Procedures is signed and filed this date.


|  | : | 15 |
|---|---|---|
| Initials of Preparer | lmb | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Peti _____<br><br>Plaintiff(s),<br><br>v.<br><br>Vertucci _____<br><br>Defendant(s). | ) CASE NO. SACV 14-00546 AG<br><br>SCHEDULING ORDER<br>SPECIFYING PROCEDURES<br><br>1.  Discovery Cut-Off:<br>    6/29/2015<br><br>2.  Final Pretrial Conference:<br>    9/14/2015<br>    at 8:30 a.m.<br><br>3.  Trial:<br>    9/29/2015<br>    at 9:00 a.m.<br><br>5 Day Scheduled Jury<br>Trial |

  With this Scheduling Order Specifying Procedures, the Court orders the following concerning the dates and procedures in this case.  Counsel are ordered to be completely familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and the FAQ's about Judges' Procedures and Schedules posted by these Chambers on the Central District website at www.cacd.uscourts.gov.  Most patent cases will be principally

-1-

1   controlled by the Standing Patent Rules attached at the location just cited.  If there
2   is a first appearance by any party after the date of this Order, Plaintiff counsel
3   shall give notice of this Order to that party.

4       1.   Discovery.  The Court sets a discovery cutoff on the date stated in the
5   caption of this Order.  The following discovery schedule shall apply.

6           1.1   Depositions.  All non-expert depositions shall occur on or
7   before the discovery cutoff date.  A non-expert deposition which was started on or
8   before the discovery cutoff date may continue beyond the cutoff date, if
9   reasonably necessary for completion.

10          1.2   Other Discovery.  All interrogatories, requests for admission,
11  requests for production, or the like, shall be served at least forty-five days before
12  the discovery cutoff date.  The Court will not approve stipulations between
13  counsel that permit discovery responses to be served after the cutoff date except
14  in unusual circumstances and upon a showing of good cause.

15          1.3   Discovery Motions.  Generally, the Magistrate Judge assigned
16  to this case shall hear all discovery motions.  Discovery motions shall be filed and
17  served as soon as possible and never later than 30 days after the discovery cutoff
18  date.  The parties are ordered to strictly comply with the requirements of all Local
19  Rules at Local Rule 37 et seq. in preparing and filing Discovery Motions.  The
20  Court expects counsel to resolve most discovery problems among themselves in a
21  courteous, reasonable, and professional manner.  Frequent resort to the Court for
22  guidance in discovery is generally unnecessary.

23          1.4   Expert Discovery.  The discovery cutoff provisions in this
24  Order include expert discovery, except as here provided or otherwise ordered by
25  the Court.  Unless the parties otherwise stipulate in writing and obtain the Court's
26  approval, the Court orders the sequence of disclosures as provided by
27  Fed.R.Civ.P. 26(a)(2)(D), except that the initial disclosure shall occur at least 120
28  (not 90) days before trial, and if an expert is identified under Fed.R.Civ.P.

26(a)(2)(D)(ii), any deposition of such expert shall occur as soon as reasonably possible, but may occur after the discovery cutoff date.

2.      Final Pretrial Conference. The Court sets a Final Pretrial Conference under Fed.R.Civ.P. 16 on the date stated in the caption of this Order. The parties are ordered to strictly comply with the requirements of all Local Rules at Local Rule 16 et seq. The proposed Final Pretrial Conference Order shall be in the format set forth in Appendix A to the Local Rules, and state the settlement procedure that was followed.

3.      Joinder and Amendment Motions. Absent exceptional circumstances, any motion to join another party or to amend a pleading shall be filed and served within 60 days after the date of this Order and noticed for a hearing occurring within 90 days after the date of this Order.

4.      Summary Judgment or Partial Summary Judgment Motions. Such motions shall be noticed for a hearing occurring not less than 25 days before the Final Pretrial Conference, unless otherwise allowed by the Court.

5.      Settlement. In every case, if the parties and attorneys are unable to resolve the matter on their own, the Court requires a settlement conference before an independent settlement officer be conducted before the Final Pretrial Conference. Counsel may agree on an appropriate procedure, such as a settlement conference with the Court Mediation Panel or a private mediator.

6.      Trials. The Court sets a trial date on the date stated in the caption of this Order. Some of this Court's views on voir dire and motions in limine are found at Mixed Chicks LLC v. Sally Beauty Supply LLC, 879 F. Supp. 2d 1093 (2012). The following procedures shall apply.

6.1      In Limine Motions (Jury Trials). Any motion in limine shall be filed and served not later than ten court days before the Final Pretrial Conference, and any opposition shall be filed and served five court days before the Final Pretrial Conference. Motions in limine are most proper when directed to prevent

even the improper mention of a highly sensitive issue, or to save expense by determining whether a witness will be allowed to testify, or to allow a thorough review of a significant and difficult evidentiary issue.  Most motions in limine are best left for rulings in the context of the trial.  *See* <u>Mixed Chicks</u>, 879 F. Supp. 2d at 1094-1095.

       6.2   <u>Voir Dire Questions (Jury Trials)</u>.  The Court will question jurors concerning standard topics.  Any special questions or topics requested to be put to prospective jurors by the Court on voir dire shall be filed and served at least seven days before trial.  "The principal purpose of voir dire is to identify bias.  It is not to indoctrinate, inculcate, influence, insinuate, inform, or ingratiate."  <u>Mixed Chicks</u>, 879 F. Supp. 2d at 1093-1094 (internal citations omitted).

       6.3   <u>Jury Instructions (Jury Trials)</u>.  The Court prefers to use instructions from the Manual of Model Jury Instructions for the Ninth Circuit, following all the Local Rules at Local Rule 51 *et seq.*  The Court usually gives the following preliminary instructions to the jury before opening statement: 1.1B, 1.3, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.18, and 1.19.  At least seven days before trial, counsel shall file with the Court the following:

          6.3.1   A joint set of jury instructions on which there is agreement.  Plaintiff counsel has the burden of preparing the joint set of jury instructions.

          6.3.2   Each party's proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of those instructions.

          6.3.3   Each party's points and authorities supporting their objections to another party's proposed jury instructions.

       6.4   <u>Special Verdict in Jury Trials</u>.  If any special forms of verdict are requested, they shall be prepared, filed, and served under

-4-

1    Local Rules 49-1 and 49-2.

2         6.5    Exhibits.  Unless an electronic alternative is approved by the

3    Court, counsel shall prepare an original set and a copy set of trial exhibits in 3-ring

4    binders, each tabbed down the right side with the exhibit number, prefaced by an

5    index of each exhibit, following Local Rule 26-3 in numbering exhibits.  If

6    voluminous exhibits will be delivered to the Court's loading dock, the delivery

7    should be coordinated before trial with the Courtroom Deputy Clerk at

8    AG_chambers@cacd.uscourts.gov.

9         6.6    Submission at Trial.  Counsel shall submit the following to the

10   Courtroom Deputy Clerk on the first day of trial:

11             6.6.1    The original exhibit binder set with the Court's exhibit

12                      tags attached and filled out showing the case number,

13                      case name, and exhibit number.  Exhibit tags must be

14                      attached so as not to cover exhibit text.

15             6.6.2    The copy exhibit binder set for use by the Judge.

16             6.6.3    Three copies of exhibit lists, showing which exhibits

17                      may be received into evidence without objection.

18             6.6.4    Three copies of witness lists with estimates of the total

19                      time on the stand for each witness.

20             6.6.5    A transcript or copy of any deposition or other

21                      discovery response to be read to the jury, following

22                      Local Rule 16-2.7.

23             6.6.6    (Jury trials) A very short description of the case

24                      approved by all parties to be read to the jury at the

25                      beginning of the trial.  As an alternative, the Court may

26                      allow the parties to briefly describe the case to the jury.

27        6.7    Trial Times.  Trial times generally are 9:00 a.m. to 12:00 p.m.

28   and 1:30 p.m. to 4:30 p.m. Tuesday through Thursday, and 8:00 a.m. to 1:30 p.m.

on Friday.

 6.8 <u>Witnesses</u>.  If counsel runs out of witnesses, the Court may deem that counsel has rested.  Counsel must keep opposing counsel informed about upcoming witnesses, always informing opposing counsel of the witness for the next court day before 5:00 p.m. of the previous court day.  Only one attorney per party shall examine and defend a witness.

 6.9 <u>Admission of Exhibits.</u>  When counsel thinks an exhibit is admissible and should be admitted, counsel should move for its admission.

 6.10 <u>Objections</u>.  Objections should be brief, stating only, "Objection" followed by the specific legal ground such as "hearsay" or "403."

 6.11 <u>Decorum</u>.  Trials will be conducted in a dignified manner, following the traditional rules of trial decorum.  Show respect for the trial process by being on time.  Do not address witnesses over age 14 by their first names. Most examination and argument should be done at the lectern.  The Court recognizes that at times it is necessary to enter the well in this courtroom.

 6.12 <u>Other Possible Trial Procedures</u>.  The Court is open to creative trial procedures, such as imposing time limits, allowing short statements introducing each witness's testimony before examination, allowing questions from the jury, and giving the jury a full set of instructions before the presentation of evidence.  The Court reminds parties that trial estimates affect juries.  The Court strongly encourages the parties to give young associate lawyers the chance to examine witnesses and fully participate in trial (and throughout the litigation!).

IT IS SO ORDERED.

Dated: _____

        _____
        ANDREW J. GUILFORD
        UNITED STATES DISTRICT JUDGE

Courtroom Deputy Clerk:
Lisa Bredahl
ag_chambers@cacd.uscourts.gov

# Exhibit 7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 14-0546-AG(DFMx) | Date | July 8, 2015 |

| | |
|---|---|
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC v THE NICK VERTUCCI COMPANIES, INC, ET AL |

Present: The Honorable     ANDREW J. GUILFORD, U.S. District Judge

| Lisa Bredahl | Miriam Baird |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeffrey Cawdrey - telephonically | Clint Corrie - telephonically |

**Proceedings:**     STATUS CONFERENCE RE EX PARTE APPLICATIONS [DKTS 133, 134]

Cause is called for hearing and counsel make their appearances.  Court and counsel confer.  The Court GRANTS the ex parte applications as follows:

Cutoff for depositions of party and party-controlled witnesses is continued to August 31, 2015.

Cutoff for depositions of non-party-controlled witnesses is continued to September 30, 2015.

Cutoff for depositions of experts is October 5, 2015.

Last day to hear motions for summary judgment is November 2, 2015.

Final Pretrial Conference is continued from September 14, 2015 to November 16, 2015 at 8:30 a.m.

Trial is continued from September 29, 2015 to December 8, 2015 at 9:00 a.m.  The Court sets the trial at 6 days.

| | : | 25 |
|---|---|---|
| Initials of Preparer | lmb | |

# Exhibit 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV14-00546 AG (DFMx) | Date | August 26, 2015 |
| Title | REAL ESTATE TRAINING INTERNATIONAL, LLC v. THE NICK VERTUCCI COMPANIES et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | | Not Present | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:        [IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION**

Plaintiff Real Estate Training International, LLC ("Plaintiff") filed an "Ex Parte Application for an Order Clarifying the Discovery Cut-Off Date to Permit Resubmission of Motion to Compel, or in the Alternative, Leave to Withdraw and Resubmit Motion to Compel" ("Application"). (Dkt. No. 183.) Defendants The Nick Vertucci Companies et al. filed an Opposition to Plaintiff's Application. (Dkt. No. 184.) There has been excessive ex parte activity in this case.

On July 7, 2015, the parties submitted an email to this Court seeking to resolve a batch of disputes. The email requested an extended schedule for: the cutoff for depositions of parties, party-controlled witnesses, non-party-controlled witnesses, and experts; the last day to hear motions for summary judgment; the pretrial conference date; and the trial date. The submitted email presumably was a negotiated, mutually acceptable resolution of disputes. The parties did not request a new cutoff date. The Court granted the parties' requested schedule. (Dkt. No. 158.) Thus, the parties made clear in their first Application that they did not intend or agree to extend the deadline for serving written discovery.

Thus, the Court DENIES the Application.