UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC 0 2 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

| | |
|---|---|
| THE NICK VERTUCCI COMPANIES, INC. § <br> and NICK VERTUCCI, § <br>     Movants, § <br> § <br> v. § <br> § <br> T. CHARLES PARR III, § <br>     Respondent. § | Cause No. SA-15-MC-01046-OLG |

**ORDER DENYING MOVANTS' MOTION TO COMPEL**

On this day the Court considered Movants' Motion to Compel Respondent Parr's Compliance with Subpoenas (docket no. 1). As a threshold matter, the Court notes the subpoenas Movant seeks to enforce were issued by the United States District Court for the Central District of California. Only the issuing court has power to act on its subpoenas. *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998); *see generally* FED. R. CIV. P. 45 (allocating authority over subpoenas to the court for the district from which they are issued). Courts applying Rule 45 have held that "any controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena." *See Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 227 F.R.D. 374, 381 (W.D. Pa. 2005); *see also Wells v. GC Services LP*, No. C06-03511 RMW HRL, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) ("[T]his court is not the proper court to quash or modify the subpoenas, which all issued from other courts."); *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) ("With respect to non-parties and the enforcement of a Rule 45 . . .the Court which issues the subpoena is the proper forum for ruling on motions to compel."); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 69 (M.D.N.C. 1986) ("Rule 45 specifically provides that objections to subpoenas be considered by the issuing court."). Accordingly, the Court DENIES WITHOUT PREJUDICE Movant's motion.

It is so ORDERED.

SIGNED this ___2___ day of December, 2015.

_____
United States District Judge Orlando L. Garcia