IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, §§§§ | |
| § | MISC ACTION |
| Movants, § | NO. SA-15-MC-1046-OG |
| § | |
| v. § | [*Underlying Lawsuit*: |
| § | Case No. 8:14-cv-00546-AG-DFM |
| T. CHARLES PARR III, § | in the United States District Court for the |
| § | Central District of California] |
| Respondent. § | |

**UNOPPOSED BY RETI MOTION FOR RECONSIDERATION OF ORDER DENYING MOVANT'S MOTION TO COMPEL BASED ON AMENDMENT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Movants The Nick Vertucci Companies, Inc. ("NVC") and Nick Vertucci ("Vertucci") (together, the "NVC Parties"), and file this, their Motion for Reconsideration of this Court's Order Denying Movants' Motion to Compel ("Order") [Dkt. 4]. The Motion is unopposed by RETI. As a result of the amendment to Rule 45 of the Federal Rules of Civil Procedure which took effect on December 1, 2013, which requires that non-party subpoenas be determined in the non-party's district court the NVC Parties respectfully request that this Court reconsider its Order, withdraw the Order, and permit the NVC Parties the opportunity to file their replies in support of their Motion Compel T. Charles Parr III's Compliance with Subpoenas ("Motion to Compel") so that the Court may fully consider the Motion to Compel on the merits.

**ARGUMENT AND AUTHORITIES**

*A. Amended Rule 45*

As a result of the December 1, 2013 amendment to the Federal Rules of Civil Procedure a subpoena now "**must** issue from the court where the action is pending." FED. R. CIV. P. 45(a)(2) (2015) (emphasis added).[1] Despite the subpoena issuing from the Court in which the action is pending, a subpoena can only command appearance at a deposition and/or production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c) (2015). If objections to a subpoena are raised, as they were by Mr. Parr in this instance, the serving party may, "at any time…move the court **for the district where compliance is required** for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i) (2015) (emphasis added).[2] Similarly, the sole original venue for seeking a contempt ruling for failure to comply with a subpoena is "[t]he court for the district **where compliance is required**…" FED. R. CIV. P. 45(g) (2015) (emphasis added).[3]

Based upon the version of Rule 45 in force at all times relevant to this dispute, the subpoena upon which the NVC Parties have moved was issued out of the proper court – the

---

[1] "This subdivision is amended to provide that a subpoena issues from the court where the action is pending." FED. R. CIV. P. Committee Notes 2013 Amendment.

[2] In fact, the requirement that motions to compel be filed in the district where compliance is required is enacted for the purpose of protecting the third-party subpoena recipient. FED. R. CIV. P. Committee Notes 2013 Amendment ("[s]ubpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)").

[3] **The 2013 amendment to Rule 45 has rendered much of the pre-2013 Rule 45 jurisprudence inapplicable in certain instances where the underlying lawsuit is not within the same United States District Court as the subject of the subpoena.** Prior to December 1, 2013, subpoenas requiring out-of-district compliance were issued out of the United States District Court where compliance was required, which necessarily made the issuing court and the court of compliance one in the same. *See* FED. R. CIV. P. 45 (2012). As described above, such is no longer the case.

{36716289;1}

United States District Court for the Central District of California – and, because Mr. Parr both works and resides within <u>this</u> Court's jurisdiction, required compliance within this Court's jurisdiction. *See* Rule 45(a)(2) and (c) (2015). Because compliance was required within this Court's jurisdiction, the NVC Parties had no choice but to move to compel Mr. Parr's compliance with the subpoena within this Court. Fed. R. Civ. P. 45(d)(2)(B)(i) (2015)

### B. RETI Admits this is the Proper Court

In fact, the opposite party in the underlying action, Real Estate Training International, LLC ("RETI"), admits in its response to the Motion to Compel that the Central District of California is not the proper venue to compel Mr. Parr's Compliance with the subpoena that was served upon him. [Dkt. # 2, p. 5] ("because the [Central District of California] acknowledged that it had no power to compel Mr. Parr, who lives in Texas"). Furthermore, Magistrate Judge McCormick, a U.S. Magistrate Judge in the Central District of California who has heard numerous discovery matters in the underlying case, has specifically noted that the United States District Court for the Central District of California is not the proper location to compel Parr's compliance with the subpoena at issue, and any issues related thereto should be dealt with in Texas. *See* Transcript of Proceedings before the Honorable Douglas F. McCormick, United States Magistrate Judge, pp. 24-25. A true and correct copy of the relevant excerpt of this transcript is attached hereto as **Exhibit 1**.

WHEREFORE, PREMISES CONSIDERED, the NVC Parties respectfully request that this Court issue an order withdrawing the Order, permitting the NVC Parties to file replies in support of the Motion to Compel and grant the NVC Parties any and all further relief to which they may be entitled.

Respectfully submitted,

*/s/ Clint A. Corrie*
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

Scott M. Noel
Texas Bar No. 00797158
snoel@pg-law.com
**PLUNKETT & GRIESENBECK, INC.**
1635 N.E. Loop 410, Suite 900
San Antonio, Texas 78209
Telephone: 210.734.7092
Facsimile: 210.734.0379

**ATTORNEYS FOR MOVANTS
THE NICK VERTUCCI COMPANIES, INC.
AND NICK VERTUCCI**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel has attempted to contact Mr. Parr in a good faith effort to resolve the issues addressed herein prior to filing this Motion.  The undersigned counsel has further conferred with counsel for RETI, who noted that RETI will not oppose the relief sought herein.  As of this filing, Mr. Parr has not responded to the NVC Parties' efforts to confer in regards to this motion, and, therefore, the NVC Parties are without knowledge as to Mr. Parr's position on this motion.

*/s/ Clint A. Corrie*
Clint A. Corrie

{36716289;1}

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2015, a true and correct copy of the foregoing document has been served via the Court's Electronic Case Filing (ECF) System, U.S. Mail, first class, postage prepaid, facsimile, electronic mail or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on counsel of record for RETI/Montelongo and on Respondent Parr:

> T. Charles Parr III
> cparr@parrcpas.com
> **PARR & ASSOCIATES**
> 100 North East Loop 410, Suite 700
> San Antonio, Texas 78216
> Telephone:  210.349.4431
> Facsimile:  210.349.4481

> */s/ Clint A. Corrie*
> Clint A. Corrie

{36716289;1}

MOTION FOR RECONSIDERATION OF ORDER DENYING MOVANT'S MOTION TO COMPEL
PAGE 5 OF 5