# EXHIBIT 1

```
 1                     UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
 2                     SOUTHERN DIVISION - SANTA ANA

 3

 4   REAL ESTATE TRAINING      ) Case No. SACV 14-546-AG (DFMx)
     INTERNATIONAL, LLC,       )
 5                             ) Santa Ana, California
          Plaintiff,           ) Tuesday, November 3, 2015
 6                             ) 10:29 A.M. to 11:21 A.M.
              v.               )
 7                             )
     THE NICK VERTUCCI COMPANIES, )
 8   INC. et al.,              )
                               )
 9        Defendants.          )
     _____)
10

11

12                     TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE DOUGLAS F. MC CORMACK,
13                UNITED STATES MAGISTRATE JUDGE.

14

15   Appearances:              See Page 2

16   Deputy Clerk:             Terri Steele

17   Court Reporter:           Recorded; CourtSmart

18   Transcription Service:    JAMS Certified Transcription
                                16000 Ventura Boulevard #1010
19                              Encino, California   91436
                                (661) 609-4528
20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:    Gordon & Rees, LLP
                          By:  JEFFREY D. CAWDREY, ESQ.
 4                             BRITTANY L. MC CARTHY, ESQ.
                          633 West Fifth Street, 52nd Floor
 5                        Los Angeles, California   90071
                          (213) 576-5000
 6                        jcawdrey@gordonrees.com
                          bmccarthy@gordonrees.com
 7

 8
     For the Defendants:  Spach, Capaldi & Waggaman, LLP
 9                        By:  MADISON S. SPACH, JR., ESQ.
                               ANDREW D. TSU, ESQ.
10                        4675 MacArthur Court, Suite 550
                          Newport Beach, California   92660
11                        (949) 852-0710
                          madison.spach@gmail.com
12                        andrewtsu@gmail.com

13                        Akerman LLP
                          By:  CLINT A. CORRIE, ESQ.
14                        2001 Ross Avenue, Suite 2550
                          Dallas, Texas   75201-2991
15                        (214) 720-4300
                          clint.corrie@akerman.com
16                        (Telephonic appearance)

17                        Akerman LLP
                          By:  DAVID A. MEEK, ESQ.
18                        420 South Orange Avenue, Suite 1200
                          Orlando, Florida   32801
19                        (407) 419-8547
                          david.meek@akerman.com
20                        (Telephonic appearance)

21

22

23

24

25
```

1   all we ask is your leave to go forward with that.  We'll deal
2   with the San Antonio courts if we have to to get that
3   enforced.  But we want your leave to go through with it
4   because it is important that he be deposed.  Under 30(b)(6)
5   they have produced no one who's answered one question about
6   key transactions that are critical to determining how
7   realistic and how genuine the 16 pages of financial documents
8   that they produced.  To support a multimillion dollar claim,
9   we've got 16 pages -- 16 pages of P&L's from 2010 to 2014.
10              THE COURT:  All right.  Well, I can shortcut this
11  process.  I will lift the stay with respect to Mr. Parr's
12  deposition.  I think that you have the right to go forward
13  with the subpoena, and if Mr. Parr is going to stick with the
14  objection that it's an untimely -- that it's untimely and/or
15  Mr. Cawdrey is going to seek relief from -- you know, we'll
16  have to sort of figure out how that's going to go.  I'll
17  leave it to Mr. Cawdrey to either seek it, or Mr. Parr can,
18  basically, refuse to show up, and we can figure it out from
19  there.  But you have my authorization, and I'll lift the stay
20  that I ordered previously.  I think I did that simply to
21  preserve the status quo so we could keep the ball rolling
22  here.
23              MR. SPACH:  Thank you, Your Honor.
24              THE COURT:  Mr. Cawdrey?
25              MR. CAWDREY:  Yes.  Thank you, Your Honor.

1    I just want to clarify the order.  I continue to
2 object to the deposition of Mr. Parr.  We're hearing a lot of
3 sandbagging going on.  I just described for you some of the
4 sandbagging on the other side.
5    The fact of the matter is Mr. Montelongo's
6 deposition was taken on August 13th.  They've had plenty of
7 time to go after Mr. Parr -- that's the point here -- and
8 they didn't go after Mr. Parr.  I just want to clarify that
9 this Court is not directing the deposition of Mr. Parr.  This
10 Court is simply lifting its stay against --
11    THE COURT:  Correct.
12    MR. CAWDREY:  -- the deposition of Mr. Parr.
13    THE COURT:  Correct.
14    MR. CAWDREY:  And we can then flesh out the issues
15 down in, I guess, the Southern District of Texas.
16    THE COURT:  Southern District of Texas.  Correct.
17    MR. CAWDREY:  Yes, sir.  Thank you.
18    MR. SPACH:  Are you, Your Honor, allowing -- saying
19 that notwithstanding the fact that we ordered it on
20 October 2nd, we can go forward with it?
21    THE COURT:  No, I'm not saying that.
22    MR. SPACH:  You're indicating that that will be the
23 objection that has to be decided by the Texas court?
24    THE COURT:  That's correct.
25    MR. SPACH:  Okay.  Just for the record.

1          THE COURT: And if they want to transfer -- and if
2  the parties want to transfer that or make a motion to
3  transfer that here, I'll decide it, but if the magistrate
4  judge or district judge in Texas feels that the record is
5  adequate to allow him or her to decide it, they can do that
6  as well. But I think that's the appropriate -- I mean,
7  that's, necessarily, the place where a nonparty deposition
8  issue has to be decided is in Texas, and to the extent that
9  it was a lack of foresight on my part 30 days ago that
10 allowed this issue to fester, then that's on me, but I was
11 trying to sort of keep people out of trouble and when -- and
12 preserve the status quo, but I think --
13         MR. SPACH: I --
14         THE COURT: -- I think we are where we are.
15         MR. SPACH: I think one thing we can say,
16 Your Honor, is that we have -- you're seeing the tip of the
17 iceberg. We do have a lot of cooperation that has occurred,
18 and that would not have occurred without the Court's
19 intervention, and we appreciate --
20         THE COURT: Not a problem.
21         MR. SPACH: -- what the Court has done.
22         THE COURT: Not a problem.
23         Let's, then, talk about two other depositions with
24 -- I think it's Ms. Birnie and Mr. Adams? Am I getting the
25 genders correct?

```
 1
 2
 3
 4                         CERTIFICATE
 5      I certify that the foregoing is a correct transcript
 6   from the electronic sound recording of the proceedings in the
 7   above-entitled matter.
 8
 9   /s/ Julie Messa                  November 13, 2015
     Julie Messa, CET**D-403          Date
10   Transcriber
```