IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, | § § § § | |
| | § | MISC ACTION |
| Movants, | § § | NO. SA-15-MC-1046-OG |
| v. | § § | [*Underlying Lawsuit*: Case No. 8:14-cv-00546-AG-DFM |
| T. CHARLES PARR III, | § § | in the United States District Court for the Central District of California] |
| Respondent. | § | |

**MOVANTS' REPLY TO RETI'S OPPOSITION AND PARR'S RESPONSE TO MOTION TO COMPEL T. CHARLES PARR III's COMPLIANCE WITH SUBPOENAS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Movants The Nick Vertucci Companies, Inc. ("NVC") and Nick Vertucci ("Vertucci") (together, the "NVC Parties"), and file this, their Reply to Real Estate Training International, LLC's ("RETI") Opposition [Dkt. 2] and T. Charles Parr III's ("Parr") Response [Dkt. 3] to the NVC Parties' Motion to Compel Parr's Compliance with Subpoenas[1] and would respectfully show the Court the following:

**SUMMARY**

Inexplicably, rather than address the valid and important reasons set forth by the NVC Parties for the Parr subpoena to testify at deposition and the Parr subpoena *duces tecum*, in their

---

[1] Pursuant to this Court's order [Dkt. 6], the NVC Parties file this, their single reply to RETI and Parr's separate opposition papers to the NVC Parties Motion to Compel Compliance. This reply is within the 10 page limit stated in Judge Garcia's Fact Sheet at p. 5, ¶31.

{36730377;1}

opposition papers, RETI [Dkt. 2] and Parr [Dkt. 3][2] in an attempt to block the Parr subpoenas originally set for October 2, 2015, merely regurgitate bad faith procedural and technical arguments that have already been heard and were not persuasive in the underlying California case. In the California lawsuit, Magistrate Judge McCormick has already heard a motion to block Parr's deposition and document production, and could have found that the Parr subpoenas and the NVC Parties' motion to compel Parr were untimely under the scheduling order as RETI argues here. Judge McCormick declined to do so and instead lifted the stay of Parr's deposition and explicitly stated the parties are free to take whatever discovery they need.

Additionally, in his Response, Parr makes arguments regarding technical aspects of the subpoenas issued to him regarding the location of his deposition. These arguments are without merit as it is undisputed that Parr did not show up for his deposition at <u>either</u> the subpoenaed location or the change of location suggested *via* email after he improperly informed the NVC Parties that he would not appear. In short, he had no intention of showing up for the prior subpoenaed deposition at either location, and did not do so when his non-attorneys (the same attorneys for RETI) prepared objections for him and instructed him not to appear while they attempted to quash the deposition.

## ARGUMENTS AND AUTHORITIES

### A. RETI and Parr's Timeliness Arguments are Without Merit.

The NVC Parties' request for the deposition and documents sought from Parr, RETI's outside accountant and auditor, stems from RETI and Armando Montelongo's ("Montelongo" and together with RETI, the "RETI Parties") own refusal to provide verifiable financial

---

[2] Parr, who contends he is not represented by counsel, including counsel for RETI or Montelongo, curiously makes virtually the same arguments in his Response [Dkt. 3] as RETI [Dkt. 2] regarding the timeliness of the subpoenas and the NVC Parties' motion to compel.

information and a knowledgeable witness to testify about RETI's financial condition and documents pursuant to the NVC Parties' 30(b)(6) deposition notice to RETI. In the underlying California case, RETI seeks $14-16 million from the NVC Parties and yet, has not provided a reliable witness to discuss their alleged financial losses. Instead of producing as a 30(b)(6) representative the current or former CFO or any other financial officer that would have knowledge of RETI's finances and alleged financial losses due to the NVC Parties' alleged acts in the California case, RETI strategically designated Montelongo as its sole representative. At deposition, Montelongo had virtually no knowledge of the detail of the end of year financials presented nor would he meaningfully testify about the sparse sixteen pages of clearly prepared-for-litigation "Profit and Loss Statements" that RETI has produced to date in the California lawsuit. At his deposition, Montelongo continually evaded questions regarding the finances of RETI, repeatedly testifying that he had to defer to his accountant, Parr. Similarly, when asked for the detail or meaning of certain line items or other detail on the summary P&L statements RETI produced, Montelongo again deferred to Parr.

Parr was never identified in RETI's initial disclosures as a witness and was only identified for the **first time** at Montelongo's 30(b)(6) deposition on August 13-14, 2015. (*See* Declaration of Clint Corrie ("Corrie Decl.") attached hereto as Exhibit A, ¶2. Despite Montelongo's evading any clear detailed questions about RETI's finances and deferring instead to Parr as the person most knowledgeable of RETI's financial documents, the RETI Parties still have neither disclosed Parr as a witness with knowledge nor put him on their trial witness list. Corrie Decl., ¶2, Ex. A-1. They clearly have the intent to withhold from discovery in the California case one of the people identified by their corporate representative as knowledgeable about their alleged financial losses. In fact, RETI even acknowledges that "Mr. Parr's name first

came up in Mr. Montelongo's deposition." RETI's Opposition, Dkt. 2 at p. 4. RETI does not deny that Parr's deposition and a significant amount of financial documents in his possession are required for the NVC Parties to present their case. RETI's Opposition, Dkt. 2 at p. 4. Thus, RETI has engaged in this pea and shell game where the witness they produced to answer financial questions about the alleged $14-$16 million in losses does not have sufficient knowledge to answer even basic questions, and the witness to whom he defers and says is most knowledgeable—Mr. Parr, does not appear on RETI's disclosures or Witness List and they are objecting to his subpoena. This type of sleight of hand gamesmanship should not be rewarded. After hearing these same arguments, Judge McCormick lifted the temporary stay he put in place when Parr and RETI's lawyers filed their original objections in California.

Following Judge McCormick's directive to cooperate in scheduling any remaining depositions and discovery before the then-scheduled trial date of December 8, 2015, counsel for the parties met and conferred immediately following a September 18, 2015 discovery hearing. Corrie Decl., ¶3. Counsel for both parties discussed their future deposition needs and other pending discovery issues. *Id*. The NVC Parties explicitly identified Parr and Mario Garcia, the former CFO of RETI, as individuals that the NVC Parties needed to depose on financial issues raised by RETI's damages claim. *Id*. Only in the following weeks, while scheduling the numerous depositions, did the RETI Parties finally state that Parr was not a party-controlled witness and required a subpoena. *Id*. The parties were already agreeing at that time to complete the numerous depositions in the short remaining time before the December 8th trial. *Id*. At no time during these discussions did the RETI Parties ever state that Parr's deposition had to be set before September 30, 2015 or they would oppose it. Corrie Decl., ¶4. In fact, a number of

depositions of fact witnesses, including non-party witnesses, were scheduled to be held <u>after</u> September 30, 2015. *Id*.

To accommodate this additional discovery, the trial date has been continued to February 23, 2016.  The parties took depositions in October and will continue to take depositions in December 2015 and January 2016 in advance of the continued trial date of February 23, 2016. *Id*. Upon any notification by the RETI Parties that they would have objected to any post September 30 depositions, the NVC Parties would have easily noticed the deposition of Parr well before September 30, 2015. *Id*. Nevertheless, the speciousness of RETI's argument is highlighted by the fact that Parr was subpoenaed <u>before</u> September 30, 2015 (in fact, on September 23) to appear for a deposition on October 2, 2015. RETI has now spent two months trying to argue that this two days should prevent the Parr deposition from going forward.  Judge McCormick did not buy this argument and neither should this Court. RETI continues this specious timing argument despite the fact that the trial has now been continued to February 23, 2016.

At the aforementioned September 18, 2015 hearing, Judge McCormick ordered RETI to take the additional depositions it desired within 30 days. Corrie Decl., ¶5, Ex. A-2. Thus, Judge McCormick's own order contemplated fact witness depositions would be taken well into mid-October based on the then December trial setting. But of the four additional depositions RETI sought, they only took one of those within 30 days of September 18. Now RETI wishes to take those depositions in late December and January but prevent the deposition of Parr – a "non-controlled" deponent who was properly subpoenaed for deposition to appear on October 2 and simply refused to appear because of RETI's attempts to run interference. RETI's roadblocks have been cleared by Judge McCormick lifting the stay of the Parr deposition. RETI refused to produce Parr at deposition based on technical objections is not only in bad faith and not in the

spirit of California Court's ruling, it is simply a violation of the Rule 45. Parr received valid subpoenas and simply refused to appear or produce documents. The RETI Parties' position is especially egregious given that they are still seeking to take the depositions of non-parties Keith Yackey, Aaron Adams, and Gillian Birnie well after the September 30, 2015 date in late December 2015 and January 2016 and far more than 30 days after Judge McCormick's September 18th order. Moreover, the NVC Parties have worked with and cooperated with the RETI Parties under the expectation that both parties would in good faith comply with completing the remaining discovery before trial.[3] Corrie Decl., ¶6.

Furthermore, RETI and Parr mistakenly argue that the NVC Parties' request for documents in the Parr subpoena *duces tecum* is time-barred due to the June 29, 2015 written discovery deadline in the California case. *See* Dkt. 2 at pp. 2-3; Dkt. 3 at pp. 6-7. It is clear that the June 29, 2015 cutoff applies to <u>party</u> discovery, not <u>non-party</u> discovery.[4] Moreover, RETI's argument that the June 29, 2015 discovery deadline precludes the Parr subpoena *duces tecum* is totally without merit because RETI has issued its <u>own</u> subpoenas *duces tecum* and amended subpoena *duces tecum* seeking production of documents from at least 3 non-party witnesses –

---

[3] It is also worth noting that under Rule 30, each side is entitled to take 10 depositions. The RETI Parties have reached their 10 deposition limit and have sought additional depositions. In contrast, the NVC Parties have only taken 7 depositions in this case. Corrie Decl., ¶7.

[4] In Dkt. 184 of the California lawsuit, attached as Exhibit A to RETI's Opposition [Dkt. 2], the NVC Parties clearly state that a reason why the NVC Parties opposed RETI's Ex Parte application to the Court [Cal. Dkt. 183] was RETI's failure to timely produce documents in the California lawsuit. *See* Cal. Dkt. 184, p. 3. The NVC Parties opposed RETI's application to extend the written discovery deadline of June 29, 2015 because it was plainly not fair that the NVC Parties had timely produced over 50,000 pages of documents, while the RETI Parties were repeatedly late in producing documents, ultimately belatedly dumping thousands of pages of documents at the deposition of RETI's 30(b)(6) representative. *Id*. Accordingly, RETI's application to extend the discovery deadline to burden the NVC Parties with even more discovery requests was not acceptable.

Keith Yackey, Aaron Adams, and Gillian Birnie – long after June 29, 2015.  Corrie Decl. ¶¶8-10, Exs. A-3 – A-5.

Based on RETI's 30(b)(6) testimony that Parr was the appropriate person to depose and provide financial documents, the NVC Parties, in the California lawsuit, filed a motion to compel his deposition and document production pursuant to valid subpoenas issued to him. Corrie Decl., ¶11. RETI raised all the same arguments about timeliness at the hearing on this motion. *Id*. Judge McCormick could have agreed with the RETI Parties and found that the subpoenas and motion to compel were untimely. Instead, he stated **"you have the right to go forward with the subpoena."** Corrie Decl., ¶12, Ex. A-6 at pg. 24. He then lifted the stay of Parr's deposition. *Id*. Furthermore, at the hearing, Judge McCormick granted RETI even more time to take the depositions of non-party witnesses Gillian Birnie, Keith Yackey, and Aaron Adams. Corrie Decl., ¶12, Ex. A-6 at pg. 29. Judge McCormick further stated:

> **Well, let's not let Mr. Parr and his issues overwhelm this. I mean, you know, I think -- you all may have gotten the scope of this, but, you know, I think I've given up, to some extent, trying to rein in the discovery in this case, and, you know, if you all want it, you're more than likely, from me, going to get it.**
>
> **So, you know, I think we need to get these depositions completed …**

*Id*.

Moreover, the trial date in the California case has since been continued. Corrie Decl., ¶13, Ex. A-7. The arguments of untimeliness in relation to the prior trial setting made about the Parr deposition were never valid arguments, to the extent they apply at all, they apply even less now than they did when the trial was set in December 2015. Accordingly, RETI's technical timing arguments are even more baseless. In fact, in the Joint Stipulation filed by the parties to move the trial date and pretrial deadlines, both parties state the following reasoning:

>In addition, third party discovery matters involving documents subpoenaed and third party depositions subpoenaed or sought remain pending and to be heard and/or completed and/or informally resolved between the Parties per the November 3, 2015 hearing and Order of Judge Douglas F. McCormick.

Corrie Decl., ¶14, Ex. A-8 at pg. 5.

RETI has directly placed its financial status at issue by way of its claims and has alleged at hearings in this case that it lost $14-16 million due to the alleged actions of the NVC Parties. Given Montelongo's complete failure to testify as to the financial losses and to validate that the financial records produced have <u>any</u> <u>accuracy</u>, Parr is a highly relevant witness. The documents that the NVC Parties seek from Parr are the financial documents of RETI and its various affiliated entities that would show the alleged losses, when they occurred, the temporal relationship, if any, that directly addresses the alleged causation of any alleged losses of RETI vs. the alleged actions of the NVC Parties, intercompany transfers among other Montelongo-controlled entities, the financial reports, the general ledger, the daily and weekly P&Ls supporting documents, and documents that would reflect the overhead costs and costs of sales for RETI and its affiliated entities. RETI does not deny the importance of Parr's deposition and documents. Accordingly, Parr's compliance should be compelled.

### B. Parr's Arguments Regarding the Deposition Location are Without Merit.

At the onset, Parr's objections to the subpoena *duces tecum* and refusal to appear at deposition are both clear violations of the Federal Rules of Civil Procedure. It is not in dispute that Parr was commanded to locally produce documents pursuant to the validly issued subpoena *duces tecum* on September 24, 2015. It is not in dispute that Parr failed to produce documents on September 24. Parr did not serve his objections to the document requests until September 30, 2015—after their due date. Pursuant to Rule 45, Parr's objections were plainly late. *See* FED. R. CIV. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for

compliance or 14 days after the subpoena is served"). Furthermore, in his written objections, Parr also states that he would <u>not appear</u> at the October 2, 2015 deposition. *See* Motion, Dkt. 1, Ex. A-2 at p. 2. Parr's objection to the deposition and statement that he will not appear to testify is, again, plainly in violation of the Federal Rules of Civil Procedure. There is no provision of the rules that allows a witness to unilaterally refuse to attend a deposition pursuant to a properly-served subpoena to testify.

Parr argues that the deposition subpoena is invalid under Rule 45 because it did not state what Parr describes as the "correct location" for the deposition. Parr relies on the fact that after the subpoena was served and prior to the date of deposition, Parr alleges the NVC Parties attempted to change the deposition location to a location less than 5 miles away and informed Parr of the location change *via* fax and email.  However, the Parr deposition subpoena clearly and properly listed "a specified time and place" pursuant to Rule 45(a)(1)(A)(iii).  Parr had the option of showing up at the original subpoenaed location.  Regardless, in plain violation of the rules, Parr did not appear at ***either* the original subpoena location *or* newly identified location** on the date of his deposition.  Furthermore, prior to the deposition, Parr *had already stated* that he would not appear to testify in his objections served on September 30. Accordingly, Parr's arguments regarding the "correct location" of the deposition and method of service of notice of the new location are red herrings and are without merit.

WHEREFORE, PREMISES CONSIDERED, the NVC Parties respectfully request that this Court issue an order granting their Motion to Compel T. Charles Parr III's Compliance with Subpoenas; compel Parr to give his testimony at deposition; compel Parr to produce the requested documents; order Parr to pay the NVC Parties' reasonable expenses in making this motion; and grant the NVC Parties any and all further relief to which they may be entitled.

Dated:  December 14, 2015	Respectfully submitted,

	*/s/ Clint A. Corrie*
	Clint A. Corrie
	Texas Bar No. 04840300
	clint.corrie@akerman.com
	**AKERMAN LLP**
	2001 Ross Avenue, Suite 2550
	Dallas, Texas 75201
	Telephone: 214.720.4300
	Facsimile:  214.981.9339

	Scott M. Noel
	Texas Bar No. 00797158
	snoel@pg-law.com
	**PLUNKETT & GRIESENBECK, INC.**
	1635 N.E. Loop 410, Suite 900
	San Antonio, Texas 78209
	Telephone: 210.734.7092
	Facsimile: 210.734.0379

	**ATTORNEYS FOR MOVANTS**
	**THE NICK VERTUCCI COMPANIES, INC.**
	**AND NICK VERTUCCI**

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2015, a true and correct copy of the foregoing document has been served via the Court's Electronic Case Filing (ECF) System, U.S. Mail, first class, postage prepaid, facsimile, electronic mail or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on counsel of record for RETI/Montelongo and on Respondent Parr:

>T. Charles Parr III
>cparr@parrcpas.com
>**PARR & ASSOCIATES**
>100 North East Loop 410, Suite 700
>San Antonio, Texas 78216
>Telephone:  210.349.4431
>Facsimile:  210.349.4481

>>*/s/ Clint A. Corrie*
>>Clint A. Corrie