IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE NICK VERTUCCI COMPANIES, INC. ) | |
| AND NICK VERTUCCI, ) | |
|     *Movants*, ) | |
| ) | SA-15-MC-1046-OG |
| v. ) | |
| T. CHARLES PARR, III ) | |
| ) | |
|     *Non-Movant .* ) | |
| ) | |

**INTERESTED PARTY REAL ESTATE TRAINING INTERNATIONAL, LLC'S ADVISORY TO THE COURT**

**TO THE HONORABLE COURT**:

NOW COMES Interested Party, Real Estate Training International, LLC ("RETI"), and hereby files this Advisory to the Court regarding Movants, Nick Vertucci and Nick Vertucci Companies, Inc., (the "Movants") Motion for Contempt against Mr. T. Charles Parr, III ("Mr. Parr"). (Dkt. No. 14) and would respectfully show the Court the following:

RETI files this Advisory because Magistrate Douglas McCormick, who presently presides over discovery issues in the underlying litigation located in Central District of California, recently issued an order "forbidding" Movants from additional non-party discovery efforts in the Middle District of Florida. Specifically, Judge McCormick issued a protective order as to Movants continued attempts to depose Mr. Giovanni Fernandez, who is non-party and similarly situated to Mr. Parr. In the Court's ruling, Judge McCormick barred Movants' unauthorized attempt to obtain an additional deposition of Mr. Fernandez based on Federal Rules of Civil Procedure 16(f)(1)(C) and 26(c)(1)(A). RETI believes that the Court should be made aware of the proceedings that have occurred in Central District of California and the Middle District of Florida concerning Mr. Giovanni Fernandez ("Fernandez") and his wife, Elise

Sabatino ("Sabatino") [1], because of their relevance to the matter before this Court concerning Mr. Parr. Specifically, both matters involve Movants' attempts to obtain discovery from non-parties located outside the jurisdiction of the Central District of California.

## RELEVANT PROCEDURAL FACTS.

On December 15, 2015, Movants filed a Motion to Compel against Fernandez and Sabatino in the Middle District of Florida, Orlando Division. (Vertucci Motion to Compel; Attached hereto Exhibit A). In the motion, Movants sought to compel the Fernandez and Sabatino's supplemental production of documents. *Id*. Previously, on or about June 4, 2015, Movants served Fernandez and Sabatino deposition subpoena and subpoena duces tecum issued from the California Court. In response, Fernandez and Sabatino produced various responsive documents and both appeared for depositions between October 7 and 8, 2015.

In December 2015, Movants brought a motion to compel additional production from Fernandez and Sabatino. Movants, without notice or involvement of RETI's counsel, apparently negotiated an agreement with Fernandez and Sabatino, whereby Mr. Fernandez agreed to sit for an additional four (4) hours of examination in exchange for Movants dismissal of the pending Motion to Compel and promise to bring a contempt motion. (*See* Joint Stipulation for Order of Dismissal of Miscellaneous Action attached hereto as Exhibit B.)

On January 21, 2016, RETI filed an Ex Parte Application to Stay Quash and or Issue a Protective Order Against Movants' Notice of Deposition for the further deposition of Mr. Fernandez, primarily on the basis that it violates the governing Scheduling Order (issued pursuant to Rule 16) and Rule 30. (Attached hereto as Exhibit C.).

---

[1] Defendants' Motion to Compel Non-Parties Giovanni Fernandez and Elise Sabatino To Produce Documents Responsive to Defendants' Subpoenas; *Real Estate Training International, LLC v. The Nick Vertucci Companies and Nick Vertucci*; 6:15-MC-77-ORL-41GJK (filed on December 15, 2015.).

On January 24, 2016, RETI filed a Supplement to its Motion to Quash Movants Deposition of Giovanni Fernandez. (Attached hereto as Exhibit D.). Here, RETI further elaborated on the reasons as to why the Court should quash and/or issue a protective order barring Fernandez's deposition. Specifically, RETI articulated Movants violations of Judge Guilford's Scheduling Orders before this Court and made clear its intent to more, in limine, to exclude both documents and testimony obtained based on Mr. Parr and Mr. Mario Garcia's depositions and document productions.[2] (*See* Ex. D, pg. 6.)

On January 27, 2016, Judge McCormick heard oral arguments as to why Movants should be precluded from conducting the additional Fernandez deposition. That same day, Judge McCormick issued an order granting RETI's Motion to Quash Movants untimely and improper continued deposition of Giovanni Fernandez. (Attached hereto as Exhibit E.). In its Order, the Court stated that it was "forbidding [Movants] from taking Mr. Fernandez's deposition" based on Federal Rules of Civil Procedure 16(f)(1)(C)[3] and 26(c)(1)(A).[4]

Pursuant to Movants' Motion for Contempt against Mr. Parr, RETI feels that it is obligated to inform this Court of the California Court's Order relative to Mr. Fernandez, as a non-party similarly situated to Mr. Parr, and asserts that the same conclusion is warranted here.

As such, RETI asks the Court to take judicial notice of Judge McCormick's Order precluding non-party discovery beyond the Scheduling Order, the documents preceding same, and the Scheduling Order itself, and requests this Court enter a ruling consistent with Judge

---

[2] *Real Estate Training International, LLC v. The Nick Vertucci Companies and Nick Vertucci*, 5:15-mc-01106-OLG.
[3] Fed. R. Civ. P. 16(f)(1)(C) states, "(1) On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: … (C) fails to obey a scheduling or other pretrial order.
[4] Fed. R. Civ. P. 26(c)(1)(A) states, "(1) A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery…"

McCormick's enforcement of the Scheduling Orders applicable in the California Litigation.  This Court may properly deny Movants' motion to compel.

Date: February 5, 2016.

    Respectfully Submitted,

*/s/ Nathaniel Corbett*
NATHANIEL CORBETT
State Bar No. 24077165
NathanC@Teamarmando.com
ANDREW J. MOON
State Bar No. 24046463
AndyM@Teamarmando.com
2935 Thousand Oaks Dr. #6-285
San Antonio, Texas 78247
(210) 501-0077
ATTORNEYS FOR PLAINTIFF
REAL ESTATE TRAINING
INTERNATIONAL, LLC

And

Jeffrey D. Cawdrey
633 W, Fifth Stree, 52nd Floor
Los Angeles, CA 90071
(213) 576-5000
(213) 680-4470
Jcawdrey@gordonrees.com
ATTORNEY FOR PLAINTIFF
REAL ESTATE TRAINING
INTERNATIONAL, LLC, AND
CROSS DEFENDANT ARMANDO
MONTELONGO, JR.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion for Reconsideration, has been served on Defendant via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class postage prepaid, facsimile, of hand delivery in accordance with the Federal Rules of Civil Procedure on February 5, 2016.

                                                 */s/ Nathaniel Corbett*
                                                 NATHANIEL CORBETT

| | |
|---|---|
| Clint Corrie<br>Akerman LLP<br>2001 Ross Avenue<br>Suite 2550<br>Dallas, Texas 75201<br>Via Facsimile No. 866-203-5835 | Charles J. Muller, III<br>CHAMBERLAIN, HRDLICKA, WHITE,<br>WILLIAM & AUGHTRY<br>112 East Pecan St., Suite 1450<br>San Antonio, TX 78205<br>Telephone: (210) 253-8383<br>Facsimile: (210) 253-8384<br>E-Mail: chad.muller@chamberlainlaw.com |
| Robert E. Weitzel<br>Akerman, LLP<br>2001 Ross Avenue<br>Suite 2550<br>Dallas, Texas 75201<br>Via Facsimile No. 866-203-5835 | |
| Scott M. Noel<br>Plunkett & Griensenbeck, Inc.<br>1635 N.E. Loop 410, Ste. 900<br>San Antonio, Texas 78209<br>210-734-0379 | |

1096731/26670578v.1